**Angel AREVALO–LOPEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 96–1754.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 2, 1996.

Decided Jan. 3, 1997.

Rehearing, Suggestion for Rehearing En Banc, and Suggestion for Consolidation Denied Jan. 30, 1997.

M. Corbett Stevenson (argued), Sullivan & Stevenson, Milwaukee, WI, for Petitioner.

Samuel Der–Yeghiayan, Immigration & Naturalization Service, Chicago, IL, David M. McConnell, Stephen W. Funk, Department of Justice, Civil Division, Immigration Litigation, Laura A. Smith (argued), United States Department of Justice, Immigration Litigation, Washington, DC, for Respondent.

Before CUMMINGS, EASTERBROOK and ILANA DIAMOND ROVNER, Circuit Judges.

CUMMINGS, Circuit Judge.

Petitioner is a Mexican national born on August 8, 1948. On July 7, 1950, he immigrated to the United States through Hidalgo, Texas, and has resided in the United States since then. At age 10 he began to take drugs and by the mid–60s he was using heroin. He has had four felony convictions: (1) assault and battery; (2) aggravated assault and battery; (3) manslaughter; and (4) injury by conduct regardless of life. After serving six years for the first two convictions, he was paroled in 1974 at 25. Thereafter he worked at various jobs in Illinois, Indiana, California and Wisconsin. In 1987 he was convicted of a fourth felony, injury by conduct regardless of life, and was finally released from prison in 1992.

The Immigration and Naturalization Service commenced deportation proceedings against him in October 1988, alleging that he was deportable as a result of the conviction for two crimes involving moral turpitude, namely, the 1969 Indiana aggravated assault and battery conviction and the 1987 Wisconsin injury by conduct regardless of life conviction.

In October 1992 petitioner was found deportable and applied for discretionary relief

from deportation under Section 212(c) of the Immigration and Nationality Act (8 U.S.C. § 1182(c)). The immigration judge granted him the requested relief. However, in March 1996 the Board of Immigration Appeals decided against petitioner, holding that the equities he advanced did not outweigh the adverse factors and that there was a need for "clearer evidence of rehabilitation" before he was entitled to relief. The Immigration and Naturalization Service ordered petitioner to surrender for deportation on April 2, 1996. On March 28, 1996, he filed a petition in this Court for review of the final deportation order.

Petitioner lives in East Chicago, Indiana, with his parents. His 15–year–old daughter has been living with her maternal grandmother. At his deportation hearing, petitioner testified as to his drug use, including heroin. He also used drugs while in prison and sold heroin there. He admitted that he has a violent temper and beat his former girlfriend in front of their daughter. However, he asserted that he had been free of drugs since 1988 and was following a Narcotics Anonymous program. He said he hoped to have his daughter join him in Milwaukee where allegedly he had a potential job offer. Various relatives testified about his reform.

Before the Board of Immigration Appeals, the Service emphasized petitioner's four criminal convictions, his long criminal record and alcohol and drug abuse. The Service noted that he had spent ten years in prison and contributed no financial support to his family. The Board ordered the petitioner deported to Mexico and the Service advised him to surrender for deportation on April 2, 1996. We decided not to stay his deportation because the Immigration and Naturalization Service acknowledged that his deportation was automatically stayed pending review of the final deportation order.

## Jurisdiction

In November 1996 the Service filed a motion to dismiss the petition for review for lack of jurisdiction. We agree that this Court has no jurisdiction over this case.

In September 1996 Congress enacted Section 306(d) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIA), amending Section 440(a) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 440(a) of the AEDPA, as amended, divests us of jurisdiction if an alien was found deportable for two or more crimes of moral turpitude not arising from a single scheme of criminal conduct and has served or been sentenced to a prison or correctional institution for one year or more. That amendment fits petitioner and divests us of jurisdiction.

In opposition, petitioner relies on *Reyes–Hernandez v. INS*, 89 F.3d 490, 493 (7th Cir.1996), which held that Section 440(a) of the AEDPA does not apply in cases where an alien conceded his deportability before the AEDPA became law and had a colorable defense to deportation. However, in this case, petitioner contested his deportability at his deportation hearing on August 17, 1992.* Moreover, the record shows that petitioner had no colorable defense to the charge of deportability, because the Service had proffered four certified records of conviction in proving the charge of deportability and petitioner had admitted his convictions forming the basis of the deportation proceedings. Therefore, *Reyes–Hernandez* is simply inapplicable.

The petition for review is dismissed for lack of jurisdiction.

---

\* Petitioner argues that he "constructively" conceded his deportability because he would have conceded his deportability if the immigration judge had not suggested that he contest it. Petitioner therefore asserts that the purpose behind *Reyes–Hernandez*—i.e., to avoid "mousetrapping" aliens into conceding deportability by holding out to them the hope of relief under Section 212(c) only to deny them that relief after they had conceded deportability, with no possibility of judicial review—is furthered if we hold that petitioner in effect conceded deportability here, allowing him the benefit of judicial review. However, this Court declines to adopt this approach to the determination of whether an alien has conceded or contested his deportability. We find the suggestions of the immigration judge irrelevant for purposes of this determination.