111 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Infeanyi AZUH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-1943.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 7, 1997.*
Decided April 4, 1997.
 
 Before CUMMINGS, COFFEY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Infeanyi Azuh, a citizen of Nigeria who was admitted to the United States for permanent residence following his marriage to a U.S. citizen, was ordered deported on the basis of two convictions--unemployment compensation fraud, and delivering two controlled substances (valium and codeine). His petition for review does not contest the conclusion that he is deportable, but he argues that the Attorney General abused her discretion when deciding not to grant relief from deportation under § 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c).
 
 
 2
 Section 440(a) of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (effective Apr. 24, 1996), amends the judicial-review provisions of the INA in a way that precludes judicial review of Azuh's case. Section § 106(a)(10) of the INA, 8 U.S.C. § 1105(a)(10), now reads:
 
 
 3
 Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are, without regard to the date of their commission, otherwise covered by section 241(a)(2)(A)(i), shall not be subject to review by any court.
 
 
 4
 Azuh's drug conviction is covered by § 241(a)(2)(B), so § 106(a)(10) by its terms precludes judicial review.
 
 
 5
 The jurisdictional statement in Azuh's brief simply ignores § 106(a)(10), although the brief was filed more than six months after the enactment of the statute. The INS has asked us to dismiss the petition, relying not only on § 106(a)(10) but also on Arevalo-Lopez v. INS, 104 F.3d 100 (7th Cir.1997), which holds that § 106(a)(10) applies to pending cases when the alien either contested, or lacked a colorable defense to, deportability. Azuh replies that, although he did not concede deportability, he did not put up a fight either. That may be so, but it is clear that he did not have--and therefore did not surrender--a colorable defense to deportability. The new law therefore applies, and Azuh's petition is dismissed for want of jurisdiction.
 
 
 
 *
 A recent decision of this court makes oral argument unnecessary. The case is removed from the oral argument calendar and submitted for decision on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)