119 F.3d 6
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
XAYYA PHOUTTHAVONG, a.k.a. Xay Ya Phoutthavong, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70414.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1997.**
July 21, 1997.
 
 Before REAVLEY,*** O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Xayya Phoutthavong petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying him discretionary relief under the Immigration and Nationality Act ("INA") § 212(c). In the same order denying the § 212(c) relief, the BIA affirmed the Immigration Judge's ("IJ") conclusion that Phoutthavong is deportable under INA § 241(a)(2)(A)(ii) for the commission of two crimes of moral turpitude not arising out of a single scheme of misconduct. The BIA ordered Phoutthavong deported to Laos.
 
 
 3
 We lack jurisdiction to review final orders of deportation where the petitioner has been found deportable for two crimes of moral turpitude not arising out of a single scheme of misconduct, if the petitioner received a sentence of more than a year for each crime. See Perez v. INS, No. 95-70732, 1997 WL 333323, * 1-2 (9th Cir. June 19, 1997).
 
 
 4
 Phoutthavong pled guilty in 1991 to two counts of child molestation and received two concurrent sentences of 31 months confinement. The IJ and the BIA both concluded that the two crimes did not involve a single scheme of misconduct. The two crimes occurred about a week apart in different locations, and involved the same victim: the two events are therefore presumed to be separate crimes.[1] See Leon-Hernandez v. INS, 926 F.2d 902, 904 (9th Cir.1991).
 
 
 5
 We conclude that we lack jurisdiction to review the petition.
 
 
 6
 DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We denied Phoutthavong's motion to brief the question of whether the two crimes arose out of a single scheme of misconduct because he waived this issue by failing to appeal the BIA's holding in this regard. We note that Phoutthavong has already presented these arguments to the BIA and the IJ, and he has presented no colorable arguments that their conclusions were incorrect. See Arevalo-Lopez v. INS, 104 F.3d 100, 101 (7th Cir.1997)