129 F.3d 119
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Abdul Massih DASHTO, Petitioner,
v.
IMMIGRATION and NATURALIZATION SERVICE, Respondent.
 Nos. 97-1258, 97-1262.
 United States Court of Appeals, Seventh Circuit.
 Sept. 12, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied Oct. 28, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division
 
 
 2
 Before Honorable JOEL M. FLAUM, Circuit Judge Honorable FRANK H. EASIERBROOK, Circuit Judge Honorable ILANA DIAMOND ROVNER, Circuit Judge
 
 ORDER
 
 3
 Abdul Massih Dashto, a native and citizen of Syria who in 1977 was admitted to permanent residence in the United States, took part in a series of convenience store robberies in 1989. As a result, the INS initiated deportation proceedings against him in 1993. Dashto sought discretionary relief from deportation and an adjustment of status pursuant to sections 212(c) and 245(a) of the Immigration and Nationality Act (8 U.S.C. §§ 1182(c), 1255(a)), but the Board of Immigration Appeals denied those requests. In 1995, we denied Dashto's petition for review and affirmed the order of deportation, reasoning that the Board had not abused its discretion in rejecting his requests on their merits. Dashto v. INS, 59 F.3d 697 (7th Cir.1995). The following year, with an approved visa petition in hand, Dashto filed a motion to remand and reopen with the Board so that he might seek a waiver of inadmissibility pursuant to section 212(h) of the Act (8 U.S.C. § 1182(h)), which would in turn make him eligible for an adjustment of status under section 245(a). He contemporaneously filed a petition for a writ of habeas corpus in the district court in order to stave off his deportation while the Board decided his pending motion. On December 17, 1996, the Board denied Dashto's motion, finding that he was ineligible for relief under section 212(h) (and consequently under 245(a)), having been convicted of an aggravated felony. See 8 U.S.C. § 1182(h). On January 7, 1997, the district court dismissed the habeas petition without objection from Dashto's counsel. Dashto has petitioned for review of the Board's order denying his motion to remand and reopen and has also appealed the district court's dismissal of his habeas petition. The petition for review has been consolidated with the appeal, and pursuant to Operating Procedure 6(b), both have been submitted to the panel that heard Dashto's previous petition for review.[1]
 
 
 4
 We lack jurisdiction to review the Board's order. Section 440(a) of the Antiterrorism and Effective Death Penalty Act of 1996, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, divests this court of jurisdiction when the alien requesting review was found deportable for having committed two or more crimes of moral turpitude not arising from a single scheme of criminal conduct and has been ordered to serve a prison term of one year or more.[2] See Arevalo-Lopez v. INS, 104 F.3d 100, 101 (7th Cir.1997). As we have noted previously, when-he appeared before the Immigration Judge, Dashto conceded that the evidence was sufficient to establish that he had committed at least two crimes of moral turpitude not arising from a single scheme of criminal misconduct and therefore that he was subject to deportation under section 241(a)(2)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(ii). Dashto, 59 F.3d at 699. As we have also noted, Dashto was ordered to serve concurrent prison terms of six years on each of the robbery counts to which he pled guilty in state court. Id. The applicability of section 440 of the AEDPA, as amended, is therefore clear. We have no jurisdiction to review the Board's order as Dashto asks us to do. The petition for review is dismissed.
 
 
 5
 We likewise dismiss the companion appeal challenging the district court's dismissal of the habeas petition. Dashto has articulated no reason why the district court erred in dismissing the petition once the Board had denied his request to remand and reopen, and indeed he raised no objection to dismissal below, as we have noted. In any event, the dismissal of the petition for review of the Board's order moots any question there might be concerning the habeas petition.
 
 DISMISSED
 
 
 [1]
 After reviewing the briefs and the record, the panel is unanimously of the view that oral argument is unnecessary. Accordingly, the appeal has been submitted on the briefs and the record alone. See Fed. R.App. P. 34(a); Circuit Rule 34(f)
 
 
 [2]
 Before the IIRIRA was enacted, section 440(a) of the AEDPA required that the crimes of moral turpitude otherwise meet the criteria of section 241(a)(2)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(A)(i). That provision requires that the offense have been committed within five years after the alien's entry to the United States, or ten years if the alien's status was adjusted to that of lawful permanent resident pursuant to 8 U.S.C. § 1255(j). The robberies that Dashto committed in 1989 would not meet this requirement, because he was admitted to lawful permanent residence in this country in 1977, twelve years earlier. Section 306(d) of the IIRIRA subsequently amended section 440(a) so as to make the date on which the crimes were committed irrelevant. However, section 309(c) of the IIRIRA sets forth a series of transitional rules for "aliens in proceedings," including the "general rule" that the amendments made by this subtitle--including section 306(d)--do not apply to aliens in deportation proceedings prior to April 1, 1997. See 8 U.S.C.A. § 1101 (note). Dashto was in deportation proceedings before that date, so section 306(d)'s amendment of AEDPA section 440(a) would appear inapplicable, and consequently the statute would not deprive the court of jurisdiction. See Anwar v. INS, 116 F.3d 140, 142-43 (5th Cir.1997); Turkhan v. INS, 1997 WL 458120, * 2 (7th Cir. Aug. 12, 1997). But a separate transitional rule accomplishes the same end as section 306(d) for cases in which the petitioner seeks judicial review of a final order of deportation entered more than thirty days after enactment of the IIRIRA (September 30, 1996). See 309(c)(4)(G) of the IIRIRA, 8 U.S.C. § 1101 (note). The order that Dashto asks us to review--the Board's refusal to remand and reopen--is not, strictly speaking, a final order of deportation, but we treat it as such for purpose of the judicial review provisions of the AEDPA and the IIRIRA. See Chow v. INS, 113 F.3d 659, 663-64 (7th Cir.1997); Turkhan, 1997 WL 458120, * 2. The Board entered its order on December 17, 1996, more than thirty days after the IIRIRA was enacted, bringing into play this transitional rule. The dates of the robberies are therefore irrelevant