124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
VICTOR MANUEL MARQUEZ-CARRILLO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70445.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997**
Decided Sept. 15, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Akk-bjb-izc
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Victor Manuel Marquez-Carrillo, a native and citizen of Mexico, petitions for review of the Bureau of Immigration Appeals' ("BIA") dismissal of his appeal of the immigration judge's ("IJ") denial of his motion to reopen in absentia deportation proceedings pursuant to section 242B(c)(3) of the Immigration and Naturalization Act, 8 U.S.C § 1252b(c)(3). Respondent Immigration and Naturalization Service moved to dismiss the petition for lack of jurisdiction. We grant the motion and dismiss the petition.
 
 
 3
 Marquez-Carrillo was convicted of an offense relating to a controlled substance. See 8 U.S.C. § 1227(a)(2)(B)(i). Under section 440(a) of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the BIA's dismissal of his appeal of the denial of his motion to reopen is thus not reviewable. See 8 U.S.C. § 1105a(a)(10) (1997); Sarmadi v. INS, No. 96-70785, 1997 WL 450658, at * 4 (9th Cir. August 11, 1997); Duldulao v. INS, 90 F.3d 396, 399 (9th Cir.1996) (holding AEDPA restriction on judicial review constitutional).
 
 
 4
 Marquez-Carrillo contends that, notwithstanding this court's decision in Duldulao, the AEDPA does not withdraw jurisdiction over petitions to review in absentia deportation orders because section 242B of the Immigration and Naturalization Act (INA), 8 U.S.C. § 1252b(c)(4) (1994), which sets forth the specific requirements for judicial review of in absentia deportation orders, takes precedence over the preclusion of judicial review set forth in 8 U.S.C. § 1105(a)(10). Marquez-Carrillo also contends that denial of jurisdiction would deprive him of his constitutional right to due process. These contentions lack merit.
 
 
 5
 Judicial review of in absentia orders of deportation under section 242B(c)(4) is predicated upon jurisdiction being proper under the general jurisdiction provisions set forth in 8 U.S.C. § 1105(a). See 8 U.S.C. § 1252b(c)(4). It does not create an independent ground of jurisdiction. Accordingly, section 242B of the INA does not provide an exception to the limitation on judicial review provided in section 440(a) of AEDPA. See Sarmadi, 1997 WL 450658 at * 3-4 (because Congress intended that the court retain jurisdiction over motions to reopen generally, jurisdiction is likewise withdrawn where AEDPA explicitly withdraws the court's authority to review deportation orders of aliens convicted of criminal offenses). Further, because aliens have no due process right to judicial review of deportation orders, see Duldulao, 90 F.3d at 400, the AEDPA's withdrawal of jurisdiction over in absentia deportation orders does not offend Marquez-Carrillo's due process rights.
 
 
 6
 MOTION TO DISMISS GRANTED; PETITION FOR REVIEW DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, petitioner's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3