Ramon CRUZ–GODINEZ, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 00–70703.

INS No. A92 813 901.

United States Court of Appeals, Ninth Circuit.

Submitted April 1, 2002.*

Decided June 24, 2002.

Before PREGERSON, TROTT, Circuit Judges, and FITZGERALD,** District Judge.

MEMORANDUM***

Ramon Cruz–Godinez ("Cruz–Godinez") appeals the Board of Immigration Appeals' denial of his motion to reopen. The Board determined that it lacked jurisdiction to hear the motion because Cruz–Godinez had departed from the United States. We hold that we too lack jurisdiction to hear his appeal because Cruz–Godinez was deported for committing an aggravated felony.

Cruz–Godinez is a native and citizen of Mexico whose status was adjusted to that of a temporary resident on May 4, 1988. On December 19, 1991, his status was adjusted to that of a lawful permanent resident. On April 19, 1990, Cruz–Godinez was convicted by a California state court for the offense of receiving stolen property: to wit a Toyota Corolla, and was sentenced to a term of imprisonment of at least one year. On July 8, 1999, the Immigration and Naturalization Service commenced removal proceedings, charging Cruz–Godinez with being an alien removable on two separate grounds: (1) he was convicted of a crime involving moral turpitude that was committed within five years after the date of his admission, INA

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. 34(a)(2).

** The Honorable James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

§ 237(a)(2)(A)(i)(I); 8 U.S.C. § 1227(a)(2)(A)(i)(I); and (2) he was convicted of an aggravated felony for which the term of imprisonment is at least one year, INA § 237(a)(2)(A)(iii); 8 U.S.C. § 1227(a)(2)(A)(iii).

On February 25, 2000, a California state court granted Cruz–Godinez's motion for a writ of error *coram nobis*. The state court vacated the previous sentence of 365 days and reentered the sentence at 170 days. On April 17, 2000, Cruz–Godinez moved to reopen, arguing that his conviction had been vacated, and that he received a new conviction with a sentence of 170 days. Accordingly, Cruz–Godinez argued that he was no longer removable on any charge.

The facts establish that Cruz–Godinez was an aggravated felon at the time of his removal. Based on our holding in *Murillo–Espinoza v. INS*, 261 F.3d 771 (9th Cir.2001), we find that Cruz–Godinez stands convicted of an aggravated felony on which his removal was based. Accordingly, we cannot review the denial of his motion to reopen. 8 U.S.C. § 1252(a)(2)(C) (stating "no court hall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed an" aggravated felony); *Sarmadi v. INS*, 121 F.3d 1319, 1321 (9th Cir.1997) (holding that this Court lacks jurisdiction to consider denial of an order to reopen when the order of removal was based on an aggravated felony).

PETITION DENIED.

---

* Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.