**Mehran MONTAZER, Petitioner,**

v.

**John ASHCROFT, United States Attorney General,\* Respondent.**

No. 02–70396.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2004.\*\*

Decided March 23, 2004.

Daniel J. Broderick, AFPD, Federal Public Defender's Office, Sacramento, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS-District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA,

Mary Jane Candaux, Esq., U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before FERNANDEZ, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Mehran Montazer petitions for review of the Board of Immigration Appeals' denial of his motion to reopen. We dismiss the petition for lack of jurisdiction.

In the first place, we lack jurisdiction over Montazer's petition because he is an aggravated felon.[1] *See* IIRIRA[2] § 309(c)(4)(G); *Alfaro–Reyes v. INS,* 224 F.3d 916, 920–21 (9th Cir.2000); *Magana–Pizano v. INS,* 200 F.3d 603, 607 (9th Cir.1999). The fact that this is a motion to reopen does not affect the picture. *See Briseno v. INS,* 192 F.3d 1320, 1323 (9th Cir.1999); *Sarmadi v. INS,* 121 F.3d 1319, 1322 (9th Cir.1997). Nor does the fact that the motion to reopen was for the purpose of spelling out a CAT[3] claim. *See Sarmadi,* 121 F.3d at 1321; *cf. Khourassany v. INS,* 208 F.3d 1096, 1099–1100 (9th Cir.2000) (motion to reopen for CAT claim

---

\* Because the Immigration and Naturalization Service no longer exists as a separate agency and this appeal challenges a decision issued by a component of the Department of Justice, we substitute the Attorney General for the INS.

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We so determined in Montazer's appeal from the BIA's initial decision to deny relief on the merits. *See Montazer v. INS,* No. 97–71223, 1997 WL 33620087 (9th Cir. Apr.21, 2000).

2. Illegal Immigration Reform and Immigrant Responsibility Act of 1996 Pub.L. 104–208, 110 Stat. 3009 (codified as amended in scattered sections of 8 U.S.C. and 18 U.S.C.). Section 309 appears at 110 Stat. 3009, 3009–625–27.

3. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46, U.N. GAOR, 39th Sess., Supp. No. 51, at 197, U.N. Doc. A/RES/39/46 (1984).

treated the same as a final order for removal).[4]

Petition DISMISSED.

---

4. In addition, we do not have jurisdiction to consider Montazer's claim that the BIA should have sua sponte reopened his case. See Guzman v. INS, 318 F.3d 911, 914 n. 4 (9th Cir.2003); Abassi v. INS, 305 F.3d 1028, 1032 (9th Cir.2002); Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir.2002).