Salomon **SALAZAR–CERRANO,**
Petitioner,

v.

John **ASHCROFT, Attorney
General, Respondent.**

No. 02–73980.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.*

Decided July 15, 2004.

Edgardo Quintanilla, Esq., Attorney at Law, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Allen W. Hausman, Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Salomon Salazar–Cerrano, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider the BIA's earlier decision summarily affirming an immigration judge's denial of his application for suspension of deportation. We dismiss the petition for review.

We lack jurisdiction to review the BIA's denial of Salazar–Cerrano's motion to reconsider because the motion challenged only the BIA's discretionary determination that Salazar–Cerrano failed to meet the requisite hardship standard. *See Sarmadi v. INS*, 121 F.3d 1319, 1322 (9th Cir.1997) ("[W]here Congress explicitly withdraws our jurisdiction to review a final order of deportation, our authority to review motions to reconsider or to reopen deportation proceedings is thereby likewise withdrawn."); *Kalaw v. INS*, 133 F.3d 1147, 1152 (9th Cir.1997) (holding that this court lacks jurisdiction to review the BIA's discretionary hardship determination).

Contrary to Salazar–Cerrano's contention, the BIA was not required to file an answering brief to Salazar–Cerrano's motion to reconsider filed with the BIA. *See* 8 C.F.R. § 1003.38(f) (indicating that briefs to the BIA *may* be filed by both parties) (emphasis added).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Salazar–Cerra-no's voluntary departure period will begin to run upon issuance of this court's mandate.

The Clerk shall change the docket to reflect that Attorney General John Ashcroft is the proper respondent.

**PETITION FOR REVIEW DISMISSED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

