Maria Angelica MEMBRENO,
Petitioner

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–71214.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 6, 2004.*

Filed Oct. 19, 2004.

Fed. R.App. P. 34(a)(2).

Shan D. Potts, Berke Law Offices, Los Angeles, CA, for the petitioner.

Andrew C. Maclachlan, United States Department of Justice, Civil Division, Washington, D.C., for the respondent.

Before: HALL, BRUNETTI, and GRABER, Circuit Judges.

PER CURIAM:

Maria Angelica Membreno petitions for review of the Board of Immigration Appeal's ("BIA") denial of her motion to reopen deportation proceedings. We **DISMISS** her petition for lack of jurisdiction. 8 U.S.C. §§ 1252(a)(2)(C), 1182(a)(2)(A)(i)(I).

## Background

Maria Membreno, a native and citizen of Mexico, entered the United States as a temporary resident on June 22, 1987. On September 22, 1992, Membreno was arrested after firing four gunshots at the owner of a restaurant that competed with the restaurant owned by Membreno and her husband. Membreno pled guilty to felony assault with a firearm, in violation of California Penal Code section 245(a)(2). The court suspended the imposition of her sentence and granted her three years of probation, the first 180 days of which was to be served in the county jail.

On April 12, 2000, Membreno was seized at the port of entry located in San Ysidro, California. The Immigration and Naturalization Service [1] served Membreno with a Notice to Appear, charging that Membreno was removable under INA

---

1. The Department of Justice transferred functions of the Immigration and Naturalization Service ("INS") to the Department of Homeland Security in March 2003. See Homeland Security Act of 2002, Pub.L. No. 107–296 § 471, 116 Stat. 2135 (2002). For convenience, we refer to the INS rather than the Department of Homeland Security.

§ 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who had committed a crime involving moral turpitude. An immigration judge ordered Membreno deported and removed to Mexico pursuant to INA § 212(a)(2)(A)(i)(I). The BIA summarily affirmed that decision. Membreno failed to appeal.

Thereafter, Membreno filed a motion to reopen deportation proceedings, arguing that she was not removable because her assault charge fell within the "petty offense" exception of INA § 212(a)(2)(A)(ii)(II), 8 U.S.C. § 1182(a)(2)(A)(ii)(II), and could not therefore be construed as a crime involving moral turpitude. The BIA denied that motion, and Membreno timely appealed.

### Discussion

 The Immigration and Nationality Act deprives a court of jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)." 8 U.S.C. § 1252(a)(2)(C). This section also deprives a court of jurisdiction to hear appeals from decisions denying motions to reopen or reconsider such final orders. *See Sarmadi v. INS,* 121 F.3d 1319, 1321 (9th Cir.1997) (holding that "withdrawal of judicial review over final orders of deportation also withdraws jurisdiction from motions to reconsider or reopen"). Section 1182(a)(2) renders "any alien convicted of … a crime involving moral turpitude … inadmissible." *Id.* § 1182(a)(2)(A)(i)(I). Membreno's conviction for assault with a firearm, in violation of Cal.Penal Code section 245(a)(2), was a crime involving moral turpitude. *Gonzales v. Barber,* 207 F.2d 398, 400 (9th Cir.1953).

Membreno argues that she is not subject to removal because "the maximum penalty possible for the crime of which [she] was convicted … did not exceed imprisonment for one year and … [she] was not sentenced to a term of imprisonment in excess of 6 months." 8 U.S.C. § 1182(a)(2)(A)(ii)(II). Although she was convicted of a "wobbler offense" and received only probation, including the first 180 days in the county jail, Membreno's conviction is treated as a felony. Because the state court suspended the imposition of sentence, it did not render a "judgment" of conviction within the meaning of California Penal Code section 17(b)(1). *United States v. Robinson,* 967 F.2d 287, 293 (9th Cir.1992). Nor did the state court take any subsequent action to designate the offense a misdemeanor. Cal.Penal Code § 17(b)(3); *Robinson,* 967 F.2d at 293. The charge carried a maximum potential sentence of four years in state prison, Cal.Penal Code § 245(a)(2), a fact that Membreno acknowledged. The petty offense exception therefore does not apply.

**DISMISSED.**