Thanh Kien TRINH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70387.

Agency No. A25–141–200.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Nov. 1, 2004.

Jon Wu, Wu Jon Law Corporation, San Mateo, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, OIL, Richard M. Evans, Esq., David Dauenheimer, U.S. Department of Justice, Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Thanh Kien Trinh, a native and citizen of Vietnam, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's order denying his motion to reopen deportation proceedings, filed pursuant to 8 C.F.R. § 3.44 (renumbered 8 C.F.R. § 1003.44). This case is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). *See Alfaro–Reyes v. INS,* 224 F.3d 916, 920 (9th Cir. 2000). We dismiss the petition for lack of jurisdiction.

On June 10, 1996, Trinh was found deportable as an aggravated felon based on his California conviction and eight-year sentence for extortion and attempted extortion. Trinh did not appeal this ruling.

Pursuant to IIRIRA § 309(c)(4)(G), no direct appeal is permitted where an alien is deportable by reason of having committed an aggravated felony. *See id.* at 920–21. Accordingly, we lack jurisdiction to consider on direct appeal Trinh's claims of error in the determination of his motion to reopen. *See Sarmadi v. INS,* 121 F.3d 1319, 1322 (9th Cir.1997) ("where Congress explicitly withdraws our jurisdiction to review a final order of deportation, our authority to review motions to reconsider or to reopen deportation proceedings is thereby likewise withdrawn."); *see also Cedano–Viera v. Ashcroft,* 324 F.3d 1062, 1069 (9th Cir.2003) (recognizing that where a petitioner is an aggravated felon, "jurisdiction over constitutional issues and statutory issues is withdrawn from the courts of appeals and that the place to resolve such issues is in the district courts through habeas corpus").

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

PETITION FOR REVIEW DISMISSED.