**Olivia Ngata LAUAKI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71749.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2004.*

Decided Dec. 1, 2004.

M. Cora Avinante, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, HI–District Counsel, Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Julia Doig Wilcox, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BRUNETTI, GRABER, and BYBEE, Circuit Judges.

MEMORANDUM **

Olivia Ngata Lauaki, a native and citizen of Tonga, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion the immigration judge's ("IJ") order denying her motion to reopen her removal proceedings, in which she was ordered removed to Tonga *in absentia.*

Lauaki pleaded guilty in 2001 to possession of rock cocaine in violation of Hawaii Revised Statutes § 712–1242(1)(b). Relying on that conviction, the INS initiated removal proceedings. After Lauaki failed

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to attend her master calendar hearing, the IJ ordered her removed *in absentia.*

Lauaki moved to reopen her removal proceedings, claiming that she did not receive her hearing notice because her sister, whom she entrusted to pick up her mail, forgot to give it to her. The IJ denied this motion, ruling that Lauaki had failed to demonstrate "exceptional circumstances" excusing her failure to appear, and additionally denied the motion "as a matter of discretion" due to Lauaki's conviction for possession of rock cocaine. The BIA summarily affirmed.

The denial of a motion to reopen is a final administrative decision subject to judicial review in the courts of appeals. 8 U.S.C. § 1252. However, the courts of appeals are divested of jurisdiction to review final orders of removal based on convictions under "any law ... relating to a controlled substance." 8 U.S.C. §§ 1252(a)(2)(C), 1227(a)(2)(B). Where this court lacks jurisdiction to review a final order of removal, it also lacks jurisdiction to review motions to reopen removal proceedings. *Sarmadi v. INS,* 121 F.3d 1319, 1321 (9th Cir.1997). We review de novo whether an offense is a controlled substances offense rendering a petitioner removable. *Cazarez–Gutierrez v. Ashcroft,* 382 F.3d 905, 909 (9th Cir.2004).

The IJ found Lauaki removable based on her conviction for possession of rock cocaine. Rock cocaine is a controlled substance under 21 U.S.C. § 802. *See* 21 U.S.C. § 802(6) (defining "controlled substance" to include compounds listed in Schedules I–V); 21 U.S.C. § 812 Sched. II(a)(4) (listing cocaine and compounds containing cocaine). Because rock cocaine is a controlled substance under the Controlled Substances Act, Lauaki's conviction for possession is a controlled substance offense that renders her deportable. 8 U.S.C. § 1227(a)(2)(B). Therefore, this court lacks jurisdiction over the petition for review. 8 U.S.C. § 1252(a)(2)(C); *see also Cazarez–Gutierrez,* 382 F.3d at 918; *Cruz–Aguilera v. INS,* 245 F.3d 1070, 1073 (9th Cir.2001).

Because we lack jurisdiction over the petition for review, we do not address Lauaki's claims that the IJ abused its discretion in denying her motion to reopen removal proceedings, or that the BIA's summary affirmance of the IJ's denial of that motion was inadequate. Relief may be available, if at all, through a habeas petition to the district court.

**PETITION DISMISSED.**