**Jesus ARAMBULA–RUIZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71347, A74–222–088.
Agency No. A74–222–088.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 4, 2004.*

Decided Dec. 2, 2004.

Before SCHROEDER, Chief Judge, GOULD and CLIFTON, Circuit Judges.

MEMORANDUM**

Petitioner Jesus Arambula–Ruiz petitions for review of the Board of Immigration Appeals' (BIA) decision to deny his motion to reopen. We lack jurisdiction over Petitioner's removal order because the government has established, and Petitioner has conceded, that he is 1) an alien, 2) who is inadmissible or deportable, 3) by reason of having committed a criminal offense listed in former INA section 241(a)(2)(B) or (C), codified at 8 U.S.C. § 1251(a)(2)(B)-(C) (1994) (current version at INA § 237(a)(2)(B)-(C) (codified at 8 U.S.C. § 1227(a)(2)(B)-(C) (2000))). IIRIRA § 309(c)(4)(G), Pub. L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996); *Alarcon–Serrano v. INS*, 220 F.3d 1116, 1119 (9th Cir.2000).

If we lack jurisdiction over the removal order issued under former INA § 241(a)(2), we also lack jurisdiction over

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

the BIA's denial of Petitioner's motion to reopen because we must treat that denial as an order under former § 241(a)(2) as well. *Sarmadi v. INS*, 121 F.3d 1319, 1320–22 (9th Cir.1997) (explaining that "where Congress explicitly withdraws our jurisdiction to review a final order of deportation, our authority to review motions to reconsider or to reopen deportation proceedings is thereby likewise withdrawn."). Furthermore, because we lack jurisdiction to review these orders, we are similarly precluded from direct review of Petitioner's ineffective assistance of counsel claims. *See, e.g., Cedano–Viera v. Ashcroft*, 324 F.3d 1062, 1069–70 (9th Cir.2003) (holding that when we lack jurisdiction to review an alien's removal order under mandatory exclusion provisions, we also lack jurisdiction to review due process and equal protection claims).

**PETITION DISMISSED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.