**Mesfun Beyene TESFAMARIAM,**
Petitioner,

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 03–72489.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2005.

Decided Dec. 5, 2005.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Howard R. Davis, Esq., Van Nuys, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Jennifer Lightbody, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER and W. FLETCHER, Circuit Judges, and FOGEL,* District Judge.

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

## MEMORANDUM **

Petitioner Mesfun Tesfamariam is an Eritrean citizen who applied for asylum, withholding of removal, and relief under the Convention Against Torture. After a hearing, the Immigration Judge Jay Segal ("the IJ") made an adverse credibility finding. Based on that finding, the IJ denied Tesfamariam's application.

Tesfamariam appealed the IJ's decision to the Bureau of Immigration Appeals ("BIA"). In the Notice of Appeal, Tesfamariam's then-lawyer, Dan Agyeman, indicated that he would file a separate, written brief. However, Agyeman never filed the brief with the BIA. On April 4, 2002, the BIA summarily dismissed Tesfamariam's appeal for failure to file the brief. Sometime in mid-May 2002, Tesfamariam learned that the BIA had dismissed his appeal, that the reason for the dismissal was Agyeman's failure to file the brief, and that Agyeman had permanently left the country.

On December 9, 2002, with the assistance of new counsel, Tesfamariam filed a motion to reopen. Based on an asserted ineffectiveness of his first counsel, Tesfamariam asked for two things. First, he asked the BIA to vacate its April 4, 2002 order dismissing his appeal from the IJ's decision, and to enter a new order of dismissal. Tesfamariam indicated that if the BIA entered a new order he would file a petition for review with this court within thirty days, and would file a motion to reopen with the BIA for adjustment of status, based on his marriage to a United States citizen, within ninety days. In effect, Tesfamariam asked, based on ineffec-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tiveness of counsel, that the BIA toll the normal time limits. Second, Tesfamariam asked the BIA to toll the ninety-day time period in order to allow him to file a motion to reopen for adjustment of status.

Alternatively, Tesfamariam asked the BIA to reopen pursuant to its *sua sponte* authority.

In an order dated June 11, 2003, the BIA denied Tesfamariam's motion to reopen. The BIA first concluded that Tesfamariam had met the requirements for showing ineffective assistance of counsel under *Matter of Lozada*, 19 I. & N. 637 (BIA 1988). Based on that conclusion, the BIA then evaluated Tesfamariam's request for adjustment of status pursuant to its *sua sponte* authority. It noted that Tesfamariam had not "submitted a photocopy of his marriage certificate or any other proof of the *bona fides* of his marriage," and that he had not submitted a completed application for adjustment of status. It concluded that Tesfamariam had "failed to establish that he is *prima facie* eligible for the new relief requested [i.e., adjustment of status] and that there is a reasonable likelihood of success on the merits if proceedings were reopened." The BIA therefore declined to exercise its power to reopen *sua sponte*. The BIA did not address Tesfamariam's request for a new order of dismissal that would have effectively granted tolling and would have allowed him to challenge the denial of relief by the IJ.

Tesfamariam appeals the BIA's denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252(a). We remand to the BIA for further consideration.

We have no jurisdiction to review the BIA's refusal to exercise its *sua sponte* power to grant motions to reopen. *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002). We do, however, have the power to review the denial of a motion to reopen when such denial is not issued pursuant to the BIA's *sua sponte* authority. 8 U.S.C. § 1252; *Sarmadi v. INS*, 121 F.3d 1319, 1321–22 (9th Cir.1997).

In *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir.2004) (per curiam), we held that the BIA abused its discretion when it denied a motion to reopen based upon ineffective assistance of counsel without having discussed the claim or having explained the omission. In *Singh*, we applied this same reasoning and remanded to the BIA in a case where an appeal to the BIA was likewise dismissed for a lawyer's failure to file a separate brief. *Singh v. Gonzales*, 416 F.3d 1006 (9th Cir.2005). We wrote, "[i]n light of the BIA's unexplained failure to address this argument[,] we believe that remand for additional investigation or explanation is appropriate." *Id.* at 1015 (citing *INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002)).

We remand to the BIA to allow it to consider Tesfamariam's motion to reopen (including his tolling argument), based on ineffective assistance of counsel, in order to permit him to seek review of the IJ's adverse decision.

**PETITION DISMISSED IN PART, GRANTED IN PART, AND REMANDED. The parties shall bear their own costs on appeal.**