Said Sam SAFI, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Said Sam Safi, aka Said Sam Safi; aka Sammy Safi; aka Sami S. Safi; aka S. Safi Said; aka Said Sami Safi; aka Said S. Safi; aka Daid S. Safi; aka Said Safi, Petitioner,

v.

Michael B. Mukasey, Attorney General, Respondent.

Nos. 06–74698, 07–70753.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2008.

Filed Jan. 24, 2008.

Dominic E. Capeci, Esq., Law Offices of Kaiser & Capeci, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Erica B. Miles, Esq., Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: NOONAN, W. FLETCHER, and IKUTA, Circuit Judges.

MEMORANDUM *

We have jurisdiction to consider Safi's claim for deferral of removal under CAT, notwithstanding 8 U.S.C. § 1252(a)(2)(C), because the IJ denied CAT relief on the merits. *See Morales v. Gonzales,* 478 F.3d 972, 980 (9th Cir.2007) (holding that § 1252(a)(2)(C) does not divest this court of jurisdiction to hear a CAT claim when "an IJ does not rely on an alien's conviction in denying CAT relief and instead denies relief on the merits"). Because our jurisdiction to review a denial of a motion to reopen derives from our jurisdiction to review the underlying final order of removal, *see Sarmadi v. INS,* 121 F.3d 1319, 1321 (9th Cir.1997), we also have jurisdiction to consider Safi's claim that the BIA abused its discretion in denying his motion to reopen.

On the merits, the IJ's determination that Safi was ineligible for CAT relief was supported by substantial evidence. *See Nuru v. Gonzales,* 404 F.3d 1207, 1215 (9th Cir.2005) (the IJ's "eligibility and entitlement determinations" are subjected to the substantial evidence standard). Safi fails to establish that it is more likely than not that he would be tortured if removed to Afghanistan. *See* 8 C.F.R. §§ 1208.16(c), 1208.17(a). The record does not support— let alone compel—the conclusion that Safi's lack of religious fervor would make it more likely than not that he would be tortured in Afghanistan. To the extent that Safi is a member of any cognizable Afghan groups, he is in the majority, both in terms of his ethnicity and Islamic sect.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Therefore, the record does not compel the conclusion that Safi would be singled out on either ground.

The evidence introduced as part of Safi's motion to reopen does not alter the analysis. Although Safi's exhibits do indicate that men were beaten by the Taliban-era religious police, there is nothing in the articles that suggests that the reinstituted version of the religious police will torture men lacking the requisite religious fervor. The BIA correctly noted that Safi's exhibits pertaining to the "Islamic way of life" were not properly introduced in a motion to reopen, since they were available before his hearings with the IJ in 2005 and 2006.

**AFFIRMED.**