**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-2327**

———————

MANUEL EDGARDO MARTINEZ, a/k/a Manuel Edgar Martinez,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

———————

**No. 12-2554**

———————

MANUEL EDGARDO MARTINEZ, a/k/a Manuel Edgar Martinez,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

———————

On Petitions for Review of Orders of the Board of Immigration Appeals.

———————

Submitted:  April 25, 2013            Decided:  May 30, 2013

———————

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

———————

Petitions dismissed by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner.  Stuart F. Delery, Principal Deputy Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, David H. Wetmore, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Manuel Edgardo Martinez, a native and citizen of El Salvador, petitions for review of two orders from the Board of Immigration Appeals ("Board"): (1) the order dismissing the appeal from the immigration judge's order finding him removable for having been convicted of an aggravated felony and a controlled substance offense and denying withholding under the Convention Against Torture ("CAT") and (2) the order denying reconsideration. We dismiss both petitions.

Under Rule 28 of the Federal Rules of Appellate Procedure, "the argument [section of the brief] . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Furthermore, the "[f]ailure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal." Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999); see also Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (failure to challenge the denial of relief under the CAT results in abandonment of that challenge). In Ogundipe v. Mukasey, 541 F.3d 257, 263 n.4 (4th Cir. 2008), the Court noted that it is "longstanding Fourth Circuit precedent" not to consider an issue that was forfeited because it was not

discussed in the Petitioner's opening brief. Similarly, in Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001), the Court noted that the Petitioner waived his challenge to the finding that he was deportable for having been convicted of a crime of moral turpitude. The Court further noted that the fact that the Petitioner raised the issue in his reply brief does not remedy the situation. This Court may overlook the rule if the Petitioner shows that declining to review the abandoned issue will result in a miscarriage of justice. See Suarez-Valenzuela v. Holder, __ F.3d __, 2013 WL 1749518, *7 (4th Cir. Apr. 24, 2013).

Because Martinez does not challenge in his opening brief the Board's order dismissing his appeal from the immigration judge's decision and he does not show that declining to review the issue will result in a miscarriage of justice, he has waived review. Accordingly, we will dismiss the petition filed in No. 12-2327.

The denial of a motion to reconsider is reviewed for abuse of discretion. 8 C.F.R. § 1003.2(a) (2012); Narine v. Holder, 559 F.3d 246, 249 (4th Cir. 2009); Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006). A motion to reconsider asserts that the Board made an error in its earlier decision. The movant must specify the error of fact or law in the Board's prior decision. See 8 C.F.R. § 1003.2(b)(1). This Court will

4

reverse a denial of a motion to reconsider "only if the Board acted arbitrarily, irrationally, or contrary to law." Narine, 559 F.3d at 249 (internal quotation marks and citation omitted).

Under 8 U.S.C. § 1252(a)(2)(C) (2006), this Court lacks jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien convicted of certain enumerated crimes, including an aggravated felony. Under § 1252(a)(2)(C), this Court retains jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Martinez] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). If we are able to confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

We note that there is no jurisdiction to consider a petition for review from an order denying a motion for reconsideration when the court does not have jurisdiction to review the underlying removal. See Martinez-Maldonado v. Gonzales, 437 F.3d 679, 683 (7th Cir. 2006); Sarmadi v. INS, 121 F.3d 1319, 1321-22 (9th Cir. 1997) ("where Congress explicitly withdraws our jurisdiction to review a final order of

deportation, our authority to review motions to reconsider or to reopen deportation proceedings is thereby likewise withdrawn").

Martinez concedes that he is an alien removable for having been convicted of an aggravated felony. Thus, this Court may only review constitutional claims and questions of law. In his brief, Martinez does not raise either a constitutional claim or a question of law regarding the denial of reconsideration. Rather, he takes issue with the manner in which the Board and the immigration judge weighed the evidence. Accordingly, we are without jurisdiction to review the order denying reconsideration, and we dismiss the petition for review in No. 12-2554.

We dismiss the petitions for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

PETITIONS DISMISSED