**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERTO ADONAY GALAN, AKA
Roberto Galan Martinez,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.    16-70697

Agency No. A075-637-534

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 12, 2017
Pasadena, California

Before:  CHRISTEN and WATFORD, Circuit Judges, and SOTO,** District Judge.

An immigration judge determined that Roberto Galan did not establish a

reasonable fear of persecution or torture.  Galan filed a timely petition for review

of that decision in our court.  We later dismissed the petition after Galan failed to

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable James Alan Soto, United States District Judge for the
District of Arizona, sitting by designation.

file an opening brief; as a result, the merits of the negative reasonable fear determination are not before us. What is before us is a filing that Galan submitted to the Board of Immigration Appeals (BIA) alleging that his prior counsel had provided ineffective assistance in the reasonable fear proceedings. The filing was technically a notice of appeal from the immigration judge's order denying reconsideration of her original decision, but Galan contends that the BIA should have construed it as a motion to reopen. The BIA dismissed the filing on the ground that it lacks authority to review negative reasonable fear determinations. We have jurisdiction under 8 U.S.C. § 1252 to review the BIA's determination of its own authority over motions to reopen. *Reynoso-Cisneros v. Gonzales*, 491 F.3d 1001, 1002 (9th Cir. 2007) (per curiam).

The BIA properly declined to entertain Galan's filing. Regulations issued by the Attorney General preclude the BIA from reviewing negative reasonable fear determinations. 8 C.F.R. § 1208.31(g)(1). Galan's contention that the filing he submitted to the BIA should be construed as a motion to reopen does not change the result. A motion to reopen is intricately related to the underlying removal order. *Sarmadi v. INS*, 121 F.3d 1319, 1321 (9th Cir. 1997). Thus, the absence of authority to review a particular class of removal orders also suggests the absence of authority to reopen those proceedings, unless an independent source of legal

authority for reopening exists. *See id.* Here, the only independent source of authority potentially available is the regulation that generally authorizes the BIA to reopen proceedings. 8 C.F.R. § 1003.2(a). However, by its plain terms, that regulation authorizes the BIA to reopen proceedings only if it has rendered a prior decision in the case. *Id.* The BIA did not make a prior decision in this case because it had no role in Galan's reasonable fear proceedings.

In essence, Galan challenges the Attorney General's decision to structure reasonable fear proceedings in such a way that the BIA has no role to play in reviewing adverse determinations made by immigration judges. That challenge lacks merit. The BIA is "a regulatory creature," and nothing compels the Attorney General to provide the BIA with authority to review or reopen reasonable fear proceedings in which an immigration judge has made an adverse determination. *INS v. Doherty*, 502 U.S. 314, 327 (1992) (plurality opinion).

**PETITION DENIED.**