NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JING WANG, | No.   18-73480 |
| Petitioner, | Agency No. A095-403-339 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2022[**]
San Francisco, California

Before:  W. FLETCHER and KOH, Circuit Judges, and KANE,[***] District Judge.

Jing Wang ("Petitioner"), a native and citizen of China, seeks review of a

decision of the Board of Immigration Appeals ("BIA") affirming the denial by an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

immigration judge ("IJ") of Petitioner's application for a waiver of inadmissibility under 8 U.S.C. § 1182(i). Petitioner also seeks review of the BIA's decision affirming the IJ's finding that Petitioner's March 2002 asylum application was frivolous. We dismiss the petition in part and deny it in part.

As an initial matter, we lack jurisdiction to review the denial of Petitioner's application for a waiver of inadmissibility under 8 U.S.C. § 1182(i). In general, we lack "jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1182(i)" unless the petition for review raises "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(B), (D). Petitioner's only argument regarding his application for a waiver of inadmissibility is that the IJ did not give sufficient weight to evidence that Petitioner's wife would suffer extreme hardship if Petitioner were removed from the United States. Thus, because this argument does not raise a constitutional claim or question of law, we lack jurisdiction to review the agency's decision regarding Petitioner's application for a waiver of inadmissibility. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) ("[T]he court cannot reconsider the discretionary, fact-based determination that petitioners failed to demonstrate the requisite hardship." (citing *Sarmadi v. INS*, 121 F.3d 1319, 1322 (9th Cir. 1997))).

We now turn to the agency's determination that Petitioner knowingly filed a frivolous asylum application. To determine that a petitioner filed a frivolous

asylum application, the agency "must make a specific finding that [the petitioner] deliberately fabricated a material element of the application." *Ahir v. Mukasey*, 527 F.3d 912, 916 (9th Cir. 2008). The agency must also find that the petitioner had "notice of the consequences of filing a frivolous application." *Id.* at 917.

The agency correctly determined that Petitioner fabricated material elements of his asylum application. A misrepresentation is material if it has a "natural tendency to influence the decisions of the [agency]." *Forbes v. INS*, 48 F.3d 439, 442 (9th Cir. 1995) (quoting *Kungys v. United States*, 485 U.S. 759, 772 (1988)). Petitioner's asylum application stated two fabricated bases for relief: (1) the Chinese government previously forced Petitioner's wife to have an abortion; and (2) the Chinese government previously persecuted Petitioner for his membership in the Falun Gong social group. Petitioner repeated these fabricated bases for relief during his asylum interview. Petitioner later admitted to the agency, and now concedes on appeal, that his wife was never forced to have an abortion and that he is not a member of Falun Gong. Thus, because Petitioner's misrepresentations could have caused the agency to grant Petitioner asylum, the agency correctly determined that these misrepresentations were material. *See Tang v. Gonzales*, 489 F.3d 987, 990 (9th Cir. 2007) (explaining that "[v]ictims of coercive population planning policies, including those subjected to forced abortion," are eligible for asylum); *Zhang v. Ashcroft*, 388 F.3d 713, 718 (9th Cir. 2004) (holding that the

3

petitioner was likely to face persecution based on his membership in Falun Gong).

Finally, substantial evidence supports the agency's finding that Petitioner received notice of the consequences of filing a frivolous asylum application. When Petitioner originally submitted the application, Petitioner signed the section that described the consequences of filing a frivolous application. At both his 2002 asylum interview and his 2006 hearing before the IJ, Petitioner signed the application to confirm that he understood the contents of the application. Additionally, at his asylum interview, Petitioner signed a "Record of Applicant's Oath During an Interview," which described the consequences of filing a frivolous application. On each occasion, third parties attested that the documents had been explained to Petitioner in his native language. Under our precedent, this evidence is sufficient to support the agency's finding that Petitioner had adequate notice. *See Kulakchyan v. Holder*, 730 F.3d 993, 995 (9th Cir. 2013) (holding that the petitioner had adequate notice because her "application-preparer certified that the application was read to her in her native language, and a separate interpreter certified that she read the warnings to petitioner with regard to the 'Record of Applicant's Oath During an Interview'").

**PETITION DISMISSED IN PART AND DENIED IN PART.**