**Enrique Acuna PEREZ, Petitioner,**

v.

**IMMIGRATION and NATURALIZATION SERVICE, Respondent.**

No. 95–70732.

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 1997. *

Decided June 19; 1997.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

Enrique Acuna Perez, El Centro, CA, pro se.

Hugh G. Mullane, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for respondent.

Before: RYMER and THOMAS, Circuit Judges, and PANNER,** District Judge.

PANNER, District Judge:

Enrique Acuna Perez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' (BIA's) final deportation order. An immigration judge (IJ) found Acuna Perez deportable because he had two burglary convictions. We conclude that we have jurisdiction to review the deportation order and deny the petition for review.

## BACKGROUND

Acuna Perez, who was born in 1964, entered the United States in 1976. In September 1993, he was convicted of second degree commercial burglary in Orange County, California, and sentenced to 180 days in jail. In August 1994, he was convicted of first degree burglary in Orange County and sentenced to two years, serving thirteen months in prison.

In June 1995, Acuna Perez represented himself at a deportation hearing before an IJ. Acuna Perez testified that he could not afford an attorney and that his requests for free or low cost legal services had been denied. After the IJ explained Acuna Perez's rights and the charges against him, Acuna Perez admitted his convictions. The IJ found Acuna Perez deportable as an alien convicted of two crimes of moral turpitude that were not part of a single scheme. *See* 8 U.S.C. § 1227(a)(2)(A)(ii); *De la Cruz v. INS*, 951 F.2d 226, 228 (9th Cir.1991) (burglary is a crime of moral turpitude). The IJ concluded that Acuna Perez was ineligible for suspension or other relief from deportation, and ordered that he be deported to Mexico.

In September 1995, the BIA dismissed Acuna Perez's appeal, and he timely petitioned for review.

## DISCUSSION

### I. Jurisdiction

#### A. 1996 Judicial Review Amendments Apply

In 1996, Congress amended the Immigration and Nationality Act, barring judicial review of final deportation orders against aliens convicted of certain crimes. *See* the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104–132, § 440(a), 110 Stat. 1214, 1276–77 (April 24, 1996), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. No. 104–208, § 306(d), 110 Stat. 3009 (Sept. 30, 1996).[1] Because the AEDPA's judicial review provision, section 440(a), withdraws jurisdiction without changing parties' rights or obligations, section 440(a) applies to petitions for review that were pending when it became law. *Duldulao v. INS*, 90 F.3d 396, 399 (9th Cir.1996) (applying AEDPA's judicial review provision to pending case did not violate petitioner's constitutional rights); *Pichardo v. INS*, 104 F.3d 756, 758 (5th Cir.1997) (judicial review provision of the AEDPA, as amended by IIRIRA, applies to pending case).

The AEDPA went into effect after the parties completed briefing, so the parties have not addressed jurisdiction under the amended statutory scheme. This court has a duty to determine its own jurisdiction. *Reynaga v. Cammisa*, 971 F.2d 414, 417 (9th Cir.1992).

#### B. The Dates of Acuna Perez's Convictions Are Irrelevant

Before it was amended by the IIRIRA, section 440(a) of the AEDPA barred judicial review of final deportation orders

---

** Honorable Owen M. Panner, Senior District Judge for the District of Oregon, sitting by designation.

1. AEDPA § 440(a), as amended by IIRIRA § 306(d), is codified at 8 U.S.C. § 1105a(a)(10). Although not applicable here, IIRIRA § 306(b) repeals 8 U.S.C. § 1105a and replaces it with a judicial review provision codified at 8 U.S.C. § 1252. *See* IIRIRA § 306(c)(1), as amended by the Act of Oct. 11, 1996, Pub.L. No. 104–302, § 2, 110 Stat. 3656; *Hassan v. INS*, 110 F.3d 490, 494 n. 7 (7th Cir.1997).

under section 1227(a)(2)(A)(ii), such as the deportation order at issue here, only if the alien's crimes were also covered by section 1227(a)(2)(A)(i). Section 1227(a)(2)(A)(i) does not cover crimes committed more than ten years after the alien's entry into the United States. Because Acuna Perez committed his crimes more than ten years after entry, his crimes were not covered by section 1227(a)(2)(A)(i), and section 440(a) would not have barred review of the final deportation order. *See Yang v. INS,* 109 F.3d 1185, 1193 (7th Cir.1997).

However, section 306(d) of the IIRIRA amended section 440(a), making the date of the alien's convictions irrelevant. As amended by section 306(d), section 440(a) provides that "any final order of deportation against an alien who is deportable by reason of having committed ... any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, *without regard to the date of their commission, otherwise covered* by section 1227(a)(2)(A)(i) of this title, shall not be subject to review by any court." 8 U.S.C. § 1105a(a)(10) (emphasis added). We lack jurisdiction if both of Acuna Perez's crimes "are, without regard to the date of their commission, otherwise covered by section 1227(a)(2)(A)(i)."

### C. Pre-AEDPA Version of Section 1227(a)(2)(A)(i) Applies

■ To complicate the jurisdictional issue even further, the AEDPA also amended section 1227(a)(2)(A)(i). Before the AEDPA's amendment, an alien was deportable under section 1227(a)(2)(A)(i) only if the alien had committed a crime of moral turpitude that resulted in a sentence of a year or longer. As amended by section 435 of the AEDPA, section 1227(a)(2)(A)(i) covers crimes of moral turpitude if "a sentence of one year or longer *may be* imposed." (Emphasis added.) There would be no jurisdiction if we look to the AEDPA's version of section 1227(a)(2)(A)(i) when applying the judicial review statute because both of Acuna Perez's crimes were punishable by imprisonment of at least one year. *See People v. Trausch,* 36 Cal.App.4th 1239, 1244, 42 Cal.Rptr.2d 836, 839 (1995) (second degree commercial bur-

glary punishable by up to one year's imprisonment) (citing Cal.Penal Code § 461). However, if we look to the pre-AEDPA version of section 1227(a)(2)(A)(i), there would be jurisdiction because only one of Acuna Perez's crimes actually resulted in a sentence of a year or more.

Unlike the AEDPA's judicial review provision, the AEDPA's amendment to section 1227(a)(2)(A)(i) applies "to aliens against whom deportation proceedings are initiated after the date of the enactment of this Act [April 1996]." AEDPA § 435(b). Section 435(b)'s prospectivity rule arguably could be interpreted to apply only to aliens who are ordered deported under section 1227(a)(2)(A)(i), but not to aliens such as Acuna Perez who are deported under section 1227(a)(2)(A)(ii). *See Yang,* 109 F.3d at 1193 (rejecting this interpretation of AEDPA § 435(b)). We agree, however, with the Fifth and Seventh Circuits that for aliens whose deportation proceedings were initiated before the AEDPA's effective date, the unamended version of section 1227(a)(2)(A)(i) applies when determining jurisdiction over final deportation orders under section 1227(a)(2)(A)(ii). *Pichardo,* 104 F.3d at 758–59; *Yang,* 109 F.3d at 1193. As the Seventh Circuit noted, "it would not be sensible to create a conflict on such an esoteric question with limited prospective significance." *Yang,* 109 F.3d at 1193. Because only one of Acuna Perez's two convictions is "otherwise covered" by the pre-AEDPA version of section 1227(a)(2)(A)(i), we have jurisdiction to review Acuna Perez's petition.

### II. Merits

The BIA dismissed Acuna Perez's appeal because Acuna Perez's two burglary convictions made him ineligible for relief from deportation. The BIA held that Acuna Perez had failed to identify errors in the IJ's decision.

■ We review for substantial evidence the BIA's finding that a deportable alien is statutorily ineligible for suspension of deportation. *Hernandez–Luis v. INS,* 869 F.2d 496, 498 (9th Cir.1989). Our review is limited to the "administrative record upon which the deportation order is based and the Attor-

ney General's findings of fact." 8 U.S.C. § 1105a(a)(4); *Fisher v. INS,* 79 F.3d 955, 963 (9th Cir.1996) (en banc). We review questions of law de novo, while deferring to the BIA's reasonable interpretation of the Immigration and Nationality Act. *Coronado–Durazo v. INS,* 108 F.3d 210, 211 (9th Cir. 1997).

Acuna Perez argues that he was prejudiced by being forced to represent himself at the hearing before the IJ. We disagree. An alien does not have a constitutional right to counsel in deportation proceedings, *see Ramirez v. INS,* 550 F.2d 560, 563 (9th Cir.1977), and nothing in the record shows that the IJ interfered with Acuna Perez's statutory right to counsel. As Acuna Perez testified, he was simply unable to obtain counsel to represent him in his deportation proceedings.

PETITION DENIED.