Eddy Amarel **ROSALES–ROSALES,**
Petitioner,

v.

John **ASHCROFT,** Attorney
General, Respondent.

No. 02–71349.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 2003.

Filed Oct. 17, 2003.

James Todd Bennett, El Cerrito, CA, for the petitioner.

Anthony C. Payne and Jennifer L. Lightbody, Department of Justice, Civil Division, Washington, D.C., for the respondent.

Before: REINHARDT and GRABER, Circuit Judges, and RHOADES,* District Judge.

## OPINION

RHOADES, District Judge.

Petitioner Eddy Amarel Rosales–Rosales ("petitioner") challenges his final order of deportation finding him deportable as an aggravated felon. Petitioner also challenges the Board of Immigration Appeals' ("BIA") denial of his application for § 212(c) relief. For the reasons set forth below, the appeal is dismissed.

### I. Background

Petitioner is a native and citizen of Guatemala. In an Order to Show Cause dated October 9, 1994, petitioner was charged

---

* The Honorable John S. Rhoades, District Court Judge for the Southern District of California, sitting by designation.

with being subject to deportation pursuant to § 241(a)(1)(B) of the Immigration and Nationality Act ("INA"), as amended, in that he entered the United States without inspection. Petitioner filed a motion to terminate the proceedings, arguing that the INS had incorrectly charged that he had entered the county without inspection. An evidentiary hearing was held, and, in an order dated February 8, 1999, petitioner was found to be deportable as charged. The immigration judge provided petitioner an opportunity to apply for relief from deportation. On November 10, 1999, petitioner filed a Form EOIR–40, in which he sought suspension of deportation under former INA § 244, previously codified at 8 U.S.C. § 1254, and a Form I–191, in which he sought waiver of inadmissibility under former INA § 212(c), previously codified at 8 U.S.C. § 1182(c). On November 12, 1999, a hearing was held, and a further individual hearing was set.

On January 12, 2000, petitioner was convicted of making terrorist threats in violation of California Penal Code § 422 and was sentenced to two years of imprisonment. On January 12, 2001, the INS filed a Form I–261 alleging that petitioner was subject to deportation pursuant to § 241(a)(2)(A)(iii) of the INA, as amended, because he stood convicted of an aggravated felony; specifically, a crime of violence for which the term of imprisonment imposed was more than one year. Petitioner filed and served a motion to strike on the ground that the offense was not an aggravated felony. In an order dated October 31, 2001, the immigration judge found petitioner to be an aggravated felon and ordered petitioner deported.

In an order dated April 24, 2002, the BIA concluded that petitioner is deportable as an alien convicted of an aggravated felony and, therefore, declined to determine whether petitioner was also deportable as an alien who entered without inspection under INA § 241(a)(1)(B). It also determined that petitioner was not entitled to suspension of deportation under INA § 244(a), nor was he entitled to apply for § 212(c) relief.

Petitioner timely appealed to this court.

## II. Analysis

### A. Jurisdiction

■ We determine our own jurisdiction de novo. *Alarcon–Serrano v. INS,* 220 F.3d 1116, 1119 (9th Cir.2000). Petitioner's deportation proceedings began in 1994, but the BIA did not issue its final order until 2002. Thus, this case is governed by the "transitional rules" to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (1996). *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997); *Luu–Le v. INS,* 224 F.3d 911, 913 (9th Cir.2000). Specifically, IIRIRA § 309(c)(4)(G) provides that "there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in," *inter alia,* former INA § 241(a)(2)(A)(iii),[1] previously codified at 8 U.S.C. § 1251(a)(2)(A)(iii), which at all relevant times provided for removal of an alien convicted of an aggravated felony. We have jurisdiction to consider this jurisdictional question. *See Luu–Le,* 224 F.3d at 914.

---

**1.** IIRIRA § 305 struck INA § 237 and redesignated INA § 241 as § 237. INA § 237(a)(2)(A)(iii) is currently codified at 8 U.S.C. § 1227(a)(2)(A)(iii). Because petitioner's deportation proceeding was commenced prior to the passage of the IIRIRA, he was charged as being deportable under INA § 241(a)(2)(A)(iii).

Because petitioner is challenging the decision that he committed an aggravated felony, and because we have jurisdiction to determine our own jurisdiction, "the jurisdictional question and the merits collapse into one." *Sareang Ye v. INS,* 214 F.3d 1128, 1131 (9th Cir.2000).

### B. Was Petitioner Convicted of an Aggravated Felony?

■ We review de novo the issue of whether a particular offense constitutes an aggravated felony. *Park v. INS,* 252 F.3d 1018, 1021 (9th Cir.2001).

Petitioner was found deportable pursuant to former INA § 241(a)(2)(A)(iii) as an alien who, after entry, was convicted of an aggravated felony. "Aggravated felony" is defined to include "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year...." 8 U.S.C. § 1101(a)(43)(F). 18 U.S.C. § 16(a) defines "crime of violence" to include "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Alternatively, § 16(b) defines "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

■ Because petitioner was convicted pursuant to a plea and the transcript of his state plea colloquy is not a part of the record, the issue is whether " 'the full range of conduct encompassed by [California Penal Code § 422] constitutes an aggravated felony.' " *United States v. Trinidad–Aquino,* 259 F.3d 1140, 1143 (9th Cir. 2001) (quoting *United States v. Sandoval–Barajas,* 206 F.3d 853, 856 (9th Cir.2000)). Thus, the inquiry is whether there is any

way that petitioner here could have violated § 422 without committing a "crime of violence." *See Trinidad–Aquino,* 259 F.3d at 1143.

■ California Penal Code § 422 provides in relevant part that "[a]ny person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement ... is to be taken as a threat, even if there is no intent of actually carrying it out, ... shall be punished." On its face, § 422 is an offense "that has as an element the ... threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). Therefore § 422 meets the definition of a "crime of violence" as set forth in § 16(a).

Our conclusion is not altered by our decision in *Trinidad–Aquino.* In that case, the crime for which the defendant was convicted—driving under the influence of alcohol with injury to another—involved the actual, rather than the threatened, use of force. We concluded that such a conviction was not a crime of violence because under the statute the crime could be committed through negligence. We concluded that the negligent use of force was insufficient for purposes of § 16 because the term "use" as employed in that provision connotes a volitional feature absent from the mens rea of negligence.

Here, petitioner was convicted pursuant to a statute criminalizing the threatened use of force. Moreover, the mens rea required by the statute—willfulness—is volitional in nature. *See Kwan v. Mercedes–Benz of N. Am., Inc.,* 23 Cal.App.4th 174, 28 Cal.Rptr.2d 371, 376 (1994) ("Although Penal Code section 7, subdivision 1 states willfulness is 'simply a purpose or willingness to commit the act, or make the omission referred to,' there is no shortage of cases construing the term, in penal statutes, as conveying more than mere voli-

tion."). Thus, our analysis in *Trinidad–Aquino* is inapplicable here.

*III. Conclusion*

California Penal Code § 422 describes a crime of violence, and therefore petitioner's conviction under § 422 is an aggravated felony for which petitioner is deportable. Because petitioner is deportable by reason of having committed an aggravated felony, we lack jurisdiction over this appeal pursuant to IIRIRA § 309(c)(4)(G) and, therefore, do not reach petitioner's argument that the BIA violated his rights by determining that he was not entitled to apply for § 212(c) relief. *See Alfaro–Reyes v. INS*, 224 F.3d 916 (9th Cir.2000) (holding that IIRIRA § 309(c)(4)(G) divested court of appeals of jurisdiction to entertain the petitioners' claim that their constitutional rights were violated when the BIA precluded them from applying for § 212(c) relief, where the petitioners were deportable due to an offense enumerated in § 309(c)(4)(G)).

The petition is DISMISSED for lack of jurisdiction.