**Alberto Munoz FRIAS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70720.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 23, 2004.

Alberto Munoz Frias, Covina, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Coun-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

sel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Richard M. Evans, Esq., Susan Houser, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW and CLIFTON, Circuit Judges.

## MEMORANDUM **

Alberto Munoz Frias, a native and citizen of Mexico, petitions pro se for review of the Board of Appeals' ("BIA") decision reaffirming its previous decision dismissing his appeal from the Immigration Judge's denial of suspension of deportation and voluntary departure. Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review de novo questions of law, with deference to the BIA's reasonable interpretation of the Immigration and Nationality Act ("the Act"), *Perez v. INS,* 116 F.3d 405, 409 (9th Cir.1997). We deny in part, and dismiss in part the petition for review.

The BIA's determination that Frias' prior conviction of a firearm offense constitutes an aggravated felony under INA § 101(a)(43) is a reasonable interpretation of the Act. *See Perez,* 116 F.3d at 409; *United States v. Castillo Rivera,* 244 F.3d 1020, 1023 (9th Cir.2001) ("the wording of 8 U.S.C. § 1101(a)(43) makes evident that Congress clearly intended state crimes to serve as predicate offenses for the purpose of defining what constitutes an aggravated felony").

Because we lack jurisdiction to review petitions filed by aliens who are deportable because they committed an "aggravated felony," *see Rosales–Rosales v. Ashcroft,* 347 F.3d 714, 718 (9th Cir.2003), we do not reach Frias' contention that the BIA erred by determining that he was not entitled to apply for suspension of deportation relief. *See id.*

Frias' contention that the Nicaraguan Adjustment and Central American Relief Act of 1997 violates equal protection is foreclosed by *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

