**Mirta Santana CHAVEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74892.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided July 27, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tim R. Everett, Esq., Law Offices of Tim R. Everett, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., Susan K. Houser, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM **

Mirta Santana Chavez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' decision summarily affirming an immigration judge's ("IJ") decision that she was removable as an alien present in the United States without being admitted or paroled. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo. *Perez v. INS,* 116 F.3d 405, 409 (9th Cir.1997) (questions of law); *Antonio–Cruz v. INS,* 147 F.3d 1129, 1131 (9th Cir.1998) (alleged violations of due process). We deny the petition for review.

Chavez denied the factual allegations regarding alienage and the charge that she was removable. However, her signed and sworn asylum application and the attached birth certificate established that she was born in Mexico. *See* 8 C.F.R. § 208.3(c)(1) ("[I]nformation provided in the application may be used ... to satisfy any burden of proof in ... removal proceedings"). The IJ therefore properly concluded that the government met its burden to show that Chavez was an alien. *See* 8 C.F.R. § 1240.8 (setting forth burdens of proof in removal proceedings). Even though the unnamed notario who assisted her to complete the application failed to sign it, the IJ properly determined that the application was deemed complete. *See* 8 C.F.R. § 208.3(c)(3) ("If the Service has not mailed the incomplete application back to the applicant within 30 days, it shall be deemed complete."). In addition, the IJ properly drew a negative inference from Chavez's refusal to testify regarding her alienage. *See Matter of Guevara,* 20 I. & N. Dec. 238, 242 (BIA 1990) ("Thus, it is clear that when confronted with evidence of ... the respondent's alienage ... a

courts of this circuit except as provided by 9th Cir. R. 36–3.

respondent who remains silent may leave himself open to adverse inferences, which may properly lead in turn to a finding of deportability against him."); *see also Cabral–Avila v. INS,* 589 F.2d 957, 959 (9th Cir.1978). Following Chavez's concession that she could not establish that she had been lawfully admitted or paroled, the IJ properly concluded that she was removable as charged.

Chavez's due process contentions fail because the IJ properly applied the regulations and because Chavez failed to show any prejudice. *See Antonio–Cruz,* 147 F.3d at 1131.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.