**Jose Cabusas CASINO, Jr., Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–73151.**

United States Court of Appeals, Ninth Circuit.

---

2. Because Ghazaryan in entitled to withholding for removal, we do not address his claims under the CAT.

Submitted Nov. 16, 2006.*

Filed Dec. 22, 2006.

Ronald T. Oldenburg, Esq., Waipahu, HI, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Jose Cabusas Casino seeks judicial review of a Board of Immigration Appeals (BIA) decision affirming the immigration judge's (IJ) order of removal. The BIA adopted the IJ's decision denying Casino's applications for adjustment of status and voluntary departure, and also rejected Casino's motion to remand. We deny Casino's petition.

"We determine our own jurisdiction de novo." *Rosales–Rosales v. Ashcroft*, 347 F.3d 714, 716 (9th Cir.2003). While we have no jurisdiction to review discretionary decisions regarding adjustment of status or voluntary departure, we are not barred from hearing constitutional challenges or legal questions related to such decisions. *See* 8 U.S.C. § 1252(a)(2)(B)(i); 8 U.S.C. § 1252(a)(2)(D).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"We review for abuse of discretion the BIA's denial of a motion to remand." *Garcia–Quintero v. Gonzales,* 455 F.3d 1006, 1011 (9th Cir.2006).

■ We lack jurisdiction to review the IJ's decision because Casino neither raises a colorable due process claim nor presents a legal question, but only challenges the IJ's weighing of the evidence. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001) ("[A]buse of discretion claims recast as due process violations do not constitute colorable due process claims over which we may exercise jurisdiction...."). We reject Casino's attempt to re-characterize an abuse of discretion challenge as a due process or legal claim. And even if Casino's arguments were deemed legal, the principle of exhaustion precludes our review because Casino failed to present these claims below. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

■ Finally, the BIA did not abuse its discretion in denying Casino's motion to remand. Casino's argument that the BIA did not give the expungement of his arrest records proper legal effect misses the mark because the underlying removal order was not based on a conviction, but on the charge Casino overstayed his visa. *See* 8 U.S.C. § 1227(a)(1)(B). In any event, the expungement does not remove the immigration consequences of Casino's no contest plea entered in prior criminal proceedings. *See Ramirez–Castro v. INS,* 287 F.3d 1172, 1175 (9th Cir.2002); *Murillo–Espinoza v. INS,* 261 F.3d 771, 774 (9th Cir.2001).

**DENIED.**