**Jagdeep SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–75157.**

United States Court of Appeals, Ninth Circuit.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Oct. 17, 2006.*

Filed March 22, 2007.

George T. Heridis, Esq., Zeena Batliwalla, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael P. Linderman, Attorney, Christopher C. Fuller, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Kleinfeld, Circuit Judge, concurred and filed separate opinion.

Before: KLEINFELD and BYBEE, Circuit Judges, and WHALEY **, U.S. District Judge.

### MEMORANDUM ***

Appellant Jagdeep Singh ("Petitioner") petitions for review of the Board of Immigration's ("BIA") denial of asylum and withholding of removal. The facts and proceedings are known to the parties and are only repeated here as necessary. The panel reviews for substantial evidence the factual findings underlying the BIA's determination that Petitioner did not qualify for asylum or withholding of removal. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(9th Cir.2006) (citation omitted). This standard is highly deferential. *Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006). Under the substantial evidence standard, " 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.' " *Zehatye,* 453 F.3d at 1185 (quoting 8 U.S.C. § 1252(b)(4)(B)). The court determines its own jurisdiction de novo. *Rosales–Rosales v. Ashcroft,* 347 F.3d 714, 716 (9th Cir.2003).

 This court lacks jurisdiction to review the BIA's determination that Singh is ineligible for asylum because he provided material support to terrorists. 8 U.S.C. § 1158(b)(2)(A)(v); 8 U.S.C. § 1182(a)(3)(B)(i)(I); *see also Bellout v. Ashcroft,* 363 F.3d 975, 977 (9th Cir.2004). Although we do have jurisdiction to review the BIA's decision in the context of Singh's request for withholding of removal, we find that substantial evidence supports the BIA's determination that Singh is ineligible for relief because he materially supported terrorists. By Singh's own admission, he provided assistance to known terrorists by providing shelter and food and by transporting funds to members of the Khalistan Commando Force. *See* 8 U.S.C. § 1182(a)(3)(B)(iv)(VI) (including providing a "safe house," "communications," and "funds" or a "transfer of funds" among the activities that constitute "material support"). The BIA properly held that Singh's material support of terrorists in his native India rendered him ineligible for statutory withholding of removal. *See Bellout,* 363 F.3d at 978–79.

Accordingly, the petition for review is **DISMISSED** in part and **DENIED** in part.

KLEINFELD, Circuit Judge, concurring.

I concur. However, were Jagdeep Singh not seventeen at the time he last provided aid and comfort to terrorists, I am not so sure I would. As the asylum statute is currently enforced, age is immaterial. While the language of the statute contains no reference to age, suppose a nine year old brought water to a guest at the behest of his parents. Would he be a proper target of the statute's jurisdiction stripping proviso? Compliance by young children with parental commands probably should not impose a permanent ban on asylum upon the children.