Jose **FORERO–ARIAS**, Petitioner,

v.

Michael B. **MUKASEY**, Respondent.

No. 06–75476.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2008.

Filed June 23, 2008.

Elsa I. Martinez, Esq., Mario Acosta, Jr., Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., Gary J. Newkirk Fax, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FISHER and PAEZ, Circuit Judges, and ROBART, District Judge.*

### MEMORANDUM **

Jose Forero–Arias ("Forero–Arias") seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). Forero–Arias contends that the BIA erred in determining that he was removable as an alien convicted of an aggravated felony and two or more crimes involving moral turpitude. He also claims that the BIA erred in denying his applications for withholding and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and we grant in part and deny in part the petition for review.

### I.

■ Forero–Arias first challenges the BIA's determination that his conviction for grand theft in violation of Cal.Penal Code § 487(a) constituted an aggravated felony. Whether a conviction qualifies as an aggravated felony is a question of law that we review de novo. *Rosales–Rosales v. Ashcroft*, 347 F.3d 714, 717 (9th Cir.2003). We hold that the BIA erred in its analysis under the modified categorical approach by relying only on the felony complaint to determine that Forero–Arias's conviction constituted an aggravated felony. *See Martinez–Perez v. Gonzales*, 417 F.3d 1022, 1028 (9th Cir.2005).

Because the Immigration Judge ("IJ") and the BIA erroneously determined that Forero–Arias had been convicted of an aggravated felony, neither considered whether he was eligible for cancellation of removal. We grant the petition for review regarding the erroneous determination that Forero–Arias's conviction constituted an aggravated felony and remand to the BIA with instructions to remand to the IJ to determine, in the first instance, whether Forero–Arias is eligible for cancellation of removal.

### II.

■ Forero–Arias also challenges the BIA's determination that he is removable under 8 U.S.C. § 1227(a)(2)(A)(ii) because he has been convicted of two or more crimes involving moral turpitude. Wheth-

---

* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

er a conviction qualifies as a crime involving moral turpitude is a question of law that we review de novo. *Galeana–Mendoza v. Gonzales,* 465 F.3d 1054, 1056–57 (9th Cir.2006). Forero–Arias argues that his conviction for petty theft under Cal.Penal Code §§ 666 and 484(a) was not a crime involving moral turpitude. This argument is foreclosed by our decision in *United States v. Esparza–Ponce,* 193 F.3d 1133, 1136–37 (9th Cir.1999).

Forero–Arias also contends that 8 U.S.C. § 1227(a)(2)(A)(ii) includes a requirement that the two crimes involving moral turpitude must have been punishable by a sentence of one year or more. The statutory language at issue forecloses Forero–Arias's argument. *See* 8 U.S.C. § 1227(a)(2)(A)(ii) (providing that "[a]ny alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable").

We deny Forero–Arias's petition for review with respect to these issues.

### III.

■ Having held that Forero–Arias was convicted of two crimes of moral turpitude, we lack jurisdiction to review the BIA's determination that Forero–Arias was removable; however, we have jurisdiction to review the IJ's denial of Forero–Arias's application for withholding of removal to the extent he "raises questions of law, including mixed questions of law and fact, or constitutional claims." *Morales v. Gonzales,* 478 F.3d 972, 978 (9th Cir.2007). Forero–Arias argues that the BIA erred in affirming the IJ's determination that he was not eligible for withholding of removal based on his father's political activities and murder, his membership in a social group

consisting of paid government drug informants and his membership in a social group consisting of de facto Americans.

■ We hold that the facts in this particular case do not demonstrate that paid informants against Colombian drug cartels constitute a particular social group for purposes of withholding. *See Ochoa v. Gonzales,* 406 F.3d 1166, 1170–71 (9th Cir. 2005). We decline to address Forero–Arias's other contentions because he did not provide any support or analysis for these arguments in his opening brief. *See* Fed. R.App. P. 28(a)(9).

■ Lastly, Forero–Arias asserts that the BIA erred in finding that he was not entitled to a grant of relief under CAT. Respondent incorrectly claims that we lack jurisdiction to consider this question. We have held "as to our resolution of factual issues, when an IJ does not rely on the alien's conviction in denying CAT relief and instead denies relief on the merits, none of the jurisdiction-stripping provisions— § 1231(b)(3)(B), § 1252(a)(2)(B)(ii), or § 1252(a)(2)(C)—apply to divest this court of jurisdiction." *Morales,* 478 F.3d at 980. We hold that substantial evidence supports the BIA's determination that Forero–Arias is not eligible for relief under the CAT. *See id.* at 983.

We deny Forero–Arias's petition for review with respect to these issues.

**PETITION GRANTED IN PART AND DENIED IN PART; REMANDED WITH INSTRUCTIONS.**

Each party shall bear its own costs on appeal.