Carlos **BRAVO–BAUTISTA,** Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General,** Respondent.

No. 05–74821.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 2, 2009.

John M. Pope, Esq., Stender & Pope, PC, Phoenix, AZ, for Petitioner.

District Counsel Phoenix, Esquire, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Sarah L. Weyler, Esquire, DOJ—U.S. Department of Justice, Narcotic and Dangerous Drug Section, Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Carlos Bravo–Bautista, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order sum-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

marily affirming without opinion an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law, *Rosales–Rosales v. Ashcroft,* 347 F.3d 714, 717 (9th Cir.2003), and we deny the petition for review.

Bravo–Bautista's contention that his offense did not constitute an aggravated felony because the execution of his sentence was suspended is unpersuasive. For immigration purposes, the "term of imprisonment" is deemed to include the period of incarceration or confinement ordered by the convicting court regardless of any suspension of the sentence's execution. 8 U.S.C. § 1101(a)(48)(B).

Bravo–Bautista's contention that his conviction was converted to a misdemeanor by operation of Cal.Penal Code § 17(b)(1) also fails. Bravo–Bautista's incarceration in the county jail was a condition of probation and did not constitute imposition of sentence to the county jail. *See United States v. Robinson,* 967 F.2d 287, 293 (9th Cir.1992).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.