PER CURIAM.
We affirm the denial of appellant’s untimely motion for postconviction relief. In 1970, a jury convicted appellant of two counts of aggravated assault with a deadly weapon with intent to effect death. The court withheld adjudication and placed him on probation for ten years. Forty years later, he sought to vacate these convictions because he learned that he is now subject to deportation. We conclude that appellant failed to establish a valid exception to the time limit and that he is not entitled to vacate his convictions based on ineffective assistance of counsel. At this point appellant’s remedy, if any, is with immigration officials and in the immigration proceedings.
Appellant alleges that in 1970 he was led to believe he was not deportable. He in turn travelled in and out of the country and renewed his green card for many years without issue until November 2009 when he was denied readmission upon his return from the Bahamas where he attended his brother’s funeral. On November 27, 2009, he was served with a notice to appear for removal proceedings based on these convictions. He sought postconviction relief in October 2010.
Appellant’s claims of ineffective assistance of counsel are untimely. He cannot seek a new trial based on alleged deficiencies in counsel’s representation more than forty years after his trial. Appellant seeks to excuse his untimely filing, contending that he received ineffective assistance of counsel under Padilla v. Kentucky, — U.S.-, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), because counsel advised him after sentencing that he would not be deported. Padilla, however, is not retroactive. Hernandez v. State, 61 So.3d 1144 (Fla. 3d DCA 2011); Davis v. State, 69 So.3d 315 (Fla. 4th DCA 2011).
Appellant was convicted after jury trial, and counsel quite effectively, and successfully, argued for a withhold of adjudication and probation. Appellant contends that he did not appeal or timely pursue postconviction remedies because counsel — and immigration officials — advised him that he would not be deported. The State explained in its response that, under the immigration law in effect in 1970, a conviction for a crime of moral turpitude was not a deportable offense unless the court imposed a sentence of one year or longer. Perez v. I.N.S., 116 F.3d 405, 408 (9th Cir.1997).
Before the [Antiterrorism and Effective Death Penalty Act]’s amendment, an alien was deportable under section 1227(a)(2)(A)(i) only if the alien had committed a crime of moral turpitude that resulted in a sentence of a year or longer. As amended by section 435 of the AEDPA, section 1227(a)(2)(A)© covers crimes of moral turpitude if “a sentence of one year or longer may be imposed.”

Id.

Appellant has not established a valid exception to the time limitation. See Fla. R.Crim. P. 3.850(b).
*1062 Appellant’s claim that counsel was ineffective in failing to request a judicial recommendation against deportation (JRAD) is without merit. At the time of the conviction, appellant was not deportable. Thus, counsel was not deficient in failing to seek a JRAD. Further, counsel’s failure to have requested a JRAD could have been discovered with due diligence and raised in a timely motion. See Ey v. State, 982 So.2d 618, 624 (Fla.2008) (holding that the postconviction time limit begins to run when a conviction becomes final not when a movant learns of misadviee); Gusow v. State, 6 So.3d 699 (Fla. 4th DCA 2009).
According to appellant, counsel told him that the “immigration situation had been taken care of’ and that the convictions did not make him deportable or inadmissible. He alleges that immigration officials found him not deportable at a hearing in 1970 and that he has not had any immigration problems over the years in renewing his green card or upon return from his numerous trips to the Bahamas. He states under oath that his probation agent and an immigration service agent in 1970 also told him that he would not be deported. While he claims that this supports his argument that he had no reason to question his attorney’s advice, it severely undermines his argument that counsel’s advice was deficient. He has not shown that a reasonably competent attorney would have sought a JRAD, or provided different advice, under these circumstances.
This case highlights a serious problem in applying the holding of Padilla retroactively. Immigration law changes, and the initiation of removal proceedings is often a discretionary decision. Here, the amendment that makes appellant removable was enacted in 1996.[1] Perez, 116 F.3d at 408.
The internal policies of immigration officials are also subject to change. Because the potential immigration consequences are often in flux, it is difficult if not impossible for a state court to determine accurately whether counsel performed defi-ciently in providing advice at a particular time. The more remote in time, the more difficult an accurate assessment becomes. In some circumstances, such as those in this case, the advice could be accurate at the relevant time, but a subsequent change in law may make the defendant deportable.
Padilla involved an “aggravated felony.” The Court found that the conviction required virtually “automatic” deportation, and this was clear and succinct from the face of the statute. 130 S.Ct. at 1483. A conviction for an “aggravated felony” disqualifies a permanent resident for discretionary cancellation of removal. 8 U.S.C. § 1229b(a)(3). Appellant has not shown that to be the situation here, nor has he shown that counsel’s advice about his immigration status was deficient under the law as it stood in 1970.
It is impractical for courts to reconstruct the status of immigration law decades later. Further, although some defendants are rendered removable by their convictions, the reality has been that removal proceedings are not always initiated or are not initiated until years later. The delay that often occurs in initiation of removal proceedings was the concern that spurred the holding in Peart v. State, 756 So.2d 42 (Fla.2000), which made the “threat of deportation” the triggering event for the two-year postconviction relief time limit.
*1063 The Florida Supreme Court subsequently-receded from Peart and has held that a movant must raise a claim involving adverse immigration consequences within two years of the conviction becoming final. State v. Green, 944 So.2d 208 (Fla.2006). This holding recognizes that a defendant has a duty to exercise due diligence, research immigration law, and discover the deficient performance of counsel within the time limit. Appellant did not bring his claim within the two-year window created by Green.
While deportation may be a harsh consequence under the circumstances of this and other cases, appellant has not shown that his deportation is automatic and clear from the face of the statute as was the case in Padilla. He may in fact qualify for discretionary cancellation of removal. The possibility that he may be deported does not entitle him to have his 1970 convictions vacated or to bring a postconviction challenge more than forty years after his trial.
Appellant attempts to hold his trial counsel to an impossible standard. To illustrate, appellant complains in his motion that, after immigration officials initially found he would not be deported, he “was not told that the Government could change its’ [sic] mind and be [sic] deported nor that he may nevertheless be inadmissible if he leaves the country.” He does not explain why a reasonably competent criminal defense attorney would have foreseen and advised him of this. He has not shown that he was deprived of the assistance of counsel required by the Constitution.
Padilla has not been held to apply retroactively. Fla. R.Crim. P. 3.850(b)(2). We strongly caution against doing so. In addition to the reasoning of Hernandez, with which we agree, the interest in finality for criminal convictions, and the potential effects on the administration of justice, strongly weigh against applying Padilla retroactively.
Appellant’s claims of ineffective assistance of counsel are untimely and without merit. He is not entitled to vacate his convictions or receive a new trial. His allegations regarding the past conduct of immigration officials, and the other circumstances of his case, should be raised in the federal proceedings, not in a postcon-viction motion in state court filed more than forty years after the convictions became final.

Affirmed.

HAZOURI, CIKLIN and CONNER, JJ., concur.

. "[T]he AEDPA’s amendment to section 1227(a)(2)(A)(i) applies "to aliens against whom deportation proceedings are initiated after the date of the enactment of this Act [April 1996].” AEDPA § 435(b).” Id. "Legislation providing for the deportation of aliens is not invalid because retrospective in operation.” U.S. ex rel. De Luca v. O’Rourke, 213 F.2d 759, 763 (8th Cir.1954) (citations omitted).