**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN PABLO DOMINGUEZ-MANZO, | No. 12-71267 |
| Petitioner, | Agency No. A092-313-581 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Juan Pablo Dominguez-Manzo, a native and citizen of Mexico, petitions pro

se for review of an order of the Board of Immigration Appeals ("BIA") dismissing

his appeal from an immigration judge's decision denying his applications for

asylum, withholding of removal, and deferral of removal under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of law and review for substantial evidence factual determinations.  *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008).  We deny in part and dismiss in part the petition for review.

The BIA correctly determined that Dominguez-Manzo is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because his conviction under California Penal Code § 422, which resulted in a prison sentence of two years and four months, categorically constitutes an aggravated-felony crime of violence.  *See* 8 U.S.C. § 1101(a)(43)(F) ("The term 'aggravated felony' means . . . a crime of violence . . . for which the term of imprisonment [is] at least one year"); *Rosales-Rosales v. Ashcroft*, 347 F.3d 714, 717 (9th Cir. 2003) ("[California Penal Code] § 422 meets the definition of a 'crime of violence' . . . .").  Contrary to Dominguez-Manzo's contention, the removability statute requires a prison sentence of only one year in order for a crime to constitute an aggravated felony.  *See* 8 U.S.C. § 1101(a)(43)(F).

The BIA correctly concluded that Dominguez-Manzo's aggravated-felony conviction constitutes a per se particularly serious crime that renders him statutorily ineligible for asylum.  *See* 8 U.S.C. § 1158(b)(2)(A)(ii) (rendering ineligible for asylum any alien who has been convicted of a particularly serious

12-71267

crime), (B)(i) ("[A]n aggravated felony [is] considered . . . a particularly serious crime [for asylum purposes]."). Because this determination forecloses Dominguez-Manzo's claim to asylum, his contention that the BIA overlooked evidence regarding persecution is unavailing. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (holding that the BIA need not reach the merits of an application for relief after making a threshold determination that the petitioner is statutorily ineligible).

Substantial evidence supports the BIA's denial of Dominguez-Manzo's request for deferral of removal under the CAT because he failed to establish that he would more likely than not suffer torture upon his return to Mexico. *Cf.* 8 C.F.R. § 1208.16(c)(2). His evidence of generalized violence in Mexico lacks any indication that anyone there presently seeks to harm him in particular, his similarly situated family members have continued to live in his home region without incident, and he and his family have safely returned several times to his home region. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("[G]eneralized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet th[e] [CAT] standard."); *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) ("[T]he petitioner must demonstrate that he would be subject to a '*particularized threat* of torture.'"

(citation omitted)); *Santos-Lemus*, 542 F.3d at 747-48 (finding significant the fact that the petitioner's mother had "remained safely in his hometown").

We lack jurisdiction to review the BIA's discretionary determination that Dominguez-Manzo's conviction is a particularly serious crime that renders him statutorily ineligible for withholding of removal, because Dominguez-Manzo is removable for an aggravated-felony conviction and seeks only a reweighing of the BIA's discretionary determination. *See* 8 U.S.C. § 1252(a)(2)(C); *see also Pechenkov v. Holder*, 705 F.3d 444, 448-49 (9th Cir. 2012) (finding no jurisdiction to review a discretionary particularly-serious-crime determination where the petitioner was removable for an aggravated felony and did not raise a constitutional claim or legal question).

Dominguez-Manzo's motion to proceed in forma pauperis is granted. *See* 28 U.S.C. § 1915(a)(1). The Clerk shall amend the docket to reflect this status.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**