**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VARINDER SINGH, a.k.a. Variender Singh, a.k.a. Rai Variender, | No. 09-72186 |
| Petitioner, | Agency No. A047-069-501 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2013[**]

Before:     SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Varinder Singh, a native and citizen of India, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law, *Rendon v. Mukasey*, 520 F.3d 967, 971 (9th Cir. 2008), and for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The BIA correctly determined that Singh is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because his conviction under California Penal Code § 422, which resulted in a prison sentence of one year and four months, constitutes an aggravated-felony crime of violence. *See* 8 U.S.C. § 1101(a)(43)(F) ("The term 'aggravated felony' means . . . a crime of violence . . . for which the term of imprisonment [is] at least one year"); *Rosales-Rosales v. Ashcroft*, 347 F.3d 714, 717 (9th Cir. 2003) ( "[California Penal Code] § 422 meets the definition of a 'crime of violence[.]'")); *Latter-Singh v. Holder*, 668 F.3d 1156, 1158 (9th Cir. 2012).

Because Singh's conviction is an aggravated felony, the BIA did not err in concluding that he is statutorily ineligible for asylum and cancellation of removal. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1158(b)(2)(B)(i), 1229b(a)(3); *see also Rendon*, 520 F.3d at 976.

Contrary to Singh's contention, the agency applied the proper legal standard as set forth in *Matter of Frentescu,* 18 I. & N. Dec. 244, 247 (BIA 1982), in

determining that Singh was convicted of a particularly serious crime, rendering him ineligible for withholding of removal under 8 U.S.C. § 1231(b)(3)(B)(ii). *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 679-80 (9th Cir. 2010).

Substantial evidence supports the BIA's denial of deferral of removal under the Convention Against Torture, because Singh failed to establish that it is more likely than not he will be tortured by or with the acquiescence of the government of India. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049-50 (9th Cir. 2013).

In light of our disposition, we need not reach Singh's contentions concerning past and future persecution. Singh's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**