**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS FIGUEROA-MACEDO, a.k.a. Carlo Hugo Figueroa-Macedo, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-70170 <br><br> Agency No. A035-927-615 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2013[**]

Before:     SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Carlos Figueroa-Macedo, a native and citizen of Argentina, petitions pro se

for review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from the decision of an immigration judge ("IJ") denying his applications

for cancellation of removal, asylum, withholding of removal, and protection under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of law and review for substantial evidence factual determinations.  *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011).  We deny in part and dismiss in part the petition for review.

The BIA correctly concluded that Figueroa-Macedo's 1996 conviction under California Penal Code § 422, which resulted in a prison sentence of 365 days, constitutes a conviction for an aggravated-felony crime of violence.  *See* 8 U.S.C. § 1101(a)(43)(F) (defining "aggravated felony" to include a crime of violence (as defined in 18 U.S.C. § 16) for which the term of imprisonment is at least one year); *Rosales-Rosales v. Ashcroft*, 347 F.3d 714, 717 (9th Cir. 2003) ("[California Penal Code] § 422 meets the definition of a 'crime of violence' as set forth in [18 U.S.C.] § 16(a).").  The validity of Figueroa-Macedo's 1996 conviction is not properly before us.  *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) ("A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision.").  Moreover, our case law forecloses Figueroa-Macedo's contentions that the current aggravated-felony definition is impermissibly retroactive.  *See Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1054 (9th Cir. 2005) ("[T]he expanded aggravated felony definition [at 8 U.S.C. § 1101(a)(43)(F)] can be applied retroactively . . . .").

The BIA also correctly concluded that Figueroa-Macedo's aggravated-felony conviction renders him statutorily ineligible to seek asylum and cancellation of removal. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), (B)(i) (asylum), 1229b(a)(3) (cancellation of removal). In light of this threshold legal determination, the BIA did not need to consider the merits of Figueroa-Macedo's asylum application. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Substantial evidence supports the BIA's denial of Figueroa-Macedo's application for withholding of removal because evidence of changed country conditions rebutted the presumption that he would face a clear probability of suffering future persecution in Argentina, given that more than 22 years have passed since the underlying events occurred, the Argentine government has changed in the interim, and the country-conditions evidence in the record contains no reports of recent politically motivated persecution. *See Gui v. INS*, 280 F.3d 1217, 1230 (9th Cir. 2002).

Substantial evidence also supports the BIA's denial of Figueroa-Macedo's application for protection under the CAT because he failed to demonstrate that he would more likely than not suffer torture involving sufficient state action in Argentina. *See Lopez-Cardona*, 662 F.3d at 1114 (affirming a denial of deferral of

removal under the CAT in the absence of evidence that feared persecutors were currently seeking to harm the petitioner).

Figueroa-Macedo waived his allegations of IJ bias by failing to raise the issue in his Opening Brief. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("[W]e generally will not take up arguments not raised in an alien's opening brief before this court.").

We lack jurisdiction over Figueroa-Macedo's challenges to the agency's determination that he was removable for the commission of two crimes involving moral turpitude, his equitable-estoppel arguments, his request for a section 212(c) waiver of inadmissibility, and his allegations regarding the IJ's misconstrual of his testimony, because he failed to exhaust these contentions. *See id.* ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

To the extent that Figueroa-Macedo seeks to renew his request for a stay of removal, we deny the request as moot.

We treat Figueroa-Macedo's "Motion to Show Cause," which he filed on January 4, 2013, as a request for leave to supplement his Reply Brief, and we grant the request.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

12-70170