**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Victor A Castillo Sanchez, | No. 22-104 |
| Petitioner, | Agency No. A200-281-513 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023
Phoenix, Arizona**

Before: OWENS and BADE, Circuit Judges, and BAKER,*** International Trade Judge.

Victor Castillo Sanchez, a native and citizen of Mexico, seeks review of a

decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of

an immigration judge's ("IJ") decision denying his applications for cancellation

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

of removal and adjustment of status. We deny the petition.

We generally lack jurisdiction to review the BIA's discretionary determinations. *See Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1151 (9th Cir. 2015) (adjustment of status); 8 U.S.C. § 1252(a)(2)(B)(i). But we retain jurisdiction to consider "constitutional claims or questions of law" raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D); *Patel v. Garland*, 142 S. Ct. 1614, 1618 (2022) (holding that, except for "legal and constitutional questions," the bar on judicial review of discretionary decisions "precludes judicial review of factual findings that underlie a denial of relief"). "[T]he phrase 'questions of law' in the [Limited Review] Provision includes the application of a legal standard to undisputed or established facts." *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020) (discussing 8 U.S.C. § 1252(a)(2)(D)). We review questions of our own jurisdiction de novo. *See Rosales-Rosales v. Ashcroft*, 347 F.3d 714, 716 (9th Cir. 2003).

1. The agency determined that police reports related to Castillo Sanchez's 2014 and 2016 arrests provided "reason to believe" that he had been involved "in the illicit trafficking of a controlled substance," and therefore, he was inadmissible under 8 U.S.C. § 1182(a)(2)(C) and statutorily ineligible for adjustment of status under 8 U.S.C. § 1255(a).[1] Castillo Sanchez argues that the

---

[1] The BIA also affirmed the denial of cancellation of removal. Castillo Sanchez does not raise, and thus has waived, any arguments challenging the denial of cancellation of removal. *See Rios v. Lynch*, 807 F.3d 1123, 1125 n.1

"reason to believe" and "probable cause" standards are "equivalent." *See Tejeda-Mata v. INS*, 626 F.2d 721, 725 (9th Cir. 1980). He therefore reasons that because the prosecutor did not "bring formal charges relating to drug trafficking" based on the same evidence that the agency considered, the agency legally erred in finding "reason to believe" Castillo Sanchez was involved in drug trafficking. We have jurisdiction to consider whether the agency applied the correct legal standard—a question of law in the context of the denial of discretionary relief. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

Castillo Sanchez's argument lacks merit because the prosecutor's discretionary decision *not* to bring charges against him does not bear on whether there was probable cause or "reason to believe" he was involved in illicit trafficking. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). The absence of formal charges does not imply the lack of probable cause or mean the agency applied an incorrect legal standard in determining that Castillo Sanchez was inadmissible under 8 U.S.C. § 1182(a)(2)(C) and thus statutorily ineligible for adjustment of status.[2]

2.      Castillo Sanchez also contends that the IJ erred in denying his

---

(9th Cir. 2015) (explaining that issues not specifically raised and argued in a party's briefs are waived).

[2] A conviction is not a prerequisite for § 1182(a)(2)(C)(i) to render a noncitizen inadmissible as an illicit trafficker. *See Alarcon-Serrano v. INS*, 220 F.3d 1116, 1119 (9th Cir. 2000).

motion to suppress evidence discovered during the 2014 and 2016 arrests because that evidence was allegedly obtained in an egregious violation of his Fourth Amendment rights. *See Martinez-Medina v. Holder*, 673 F.3d 1029, 1033–34 (9th Cir. 2011) (explaining that the court may bar evidence in the immigration context only when a Fourth Amendment violation occurred "*and that violation was egregious*"). We review de novo the denial of a motion to suppress. *Id.* at 1033. Castillo Sanchez, who has the burden of making a prima facie showing of an egregious constitutional violation, *see B.R. v. Garland*, 26 F. 4th 827, 832 (9th Cir. 2022), does not present any arguments explaining why any alleged Fourth Amendment violation during his arrests constitutes an egregious violation. *See Martinez-Medina*, 673 F.3d at 1034 ("A constitutional violation is not egregious unless evidence is obtained by deliberate violations of the Fourth Amendment or by conduct a reasonable officer should have known is in violation of the Constitution.") (internal quotation marks and citations omitted). Accordingly, he has not met his burden to show a prima facie egregious Fourth Amendment violation.

**PETITION DENIED.**